1  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  Four Embarcadero Center, Suite 3800
   San Francisco, California 94111-4144
3  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
4  Email: rkennedy@skadden.com

5  Of Counsel:
   ANDREW L. SANDLER (To Be Admitted *Pro Hac Vice*)
6  BENJAMIN B. KLUBES (To Be Admitted *Pro Hac Vice*)
   BENJAMIN P. SAUL (To Be Admitted *Pro Hac Vice*)
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Ave., N.W.
8  Washington, DC 20005
   Telephone: (202) 371-7000
9  Facsimile: (202) 393-5760
   Email: asandler@skadden.com, bklubes@skadden.com, bsaul@skadden.com

10 Attorneys for Defendant Fremont Investment & Loan

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                 SOUTHERN DIVISION

14

15 NATIONAL ASSOCIATION FOR THE        )  No. SACV 07-0794 AG (ANX)
   ADVANCEMENT OF COLORED              )
16 PEOPLE (NAACP),                     )  CLASS ACTION
                                       )
17              Plaintiff,             )  (1) NOTICE OF MOTION AND
                                       )      MOTION OF DEFENDANT TO
18                                     )      DISMISS PLAINTIFF'S
      v.                               )      SECOND AMENDED
19                                     )      COMPLAINT; MEMORANDUM
   AMERIQUEST MORTGAGE                 )      OF POINTS AND
20 COMPANY, <u>et al.</u>,            )      AUTHORITIES IN SUPPORT
                                       )      THEREOF;
21              Defendants.            )
                                       )  (2) DECLARATION (Lodged Under
22                                     )      Separate Cover);
                                       )
23                                     )  (3) [PROPOSED] ORDER (Lodged
                                       )      Under Separate Cover)
24                                     )
                                       )  ORAL ARGUMENT REQUESTED
25                                     )
                                       )  Date:  June 2, 2008
26                                     )  Time:  9:00 a.m.
                                       )  Place: Courtroom 10D
27                                     )         Santa Ana Courthouse
                                       )  Judge: Hon. Andrew J. Guilford
28

_____

NOTICE OF MOTION AND MOTION TO DISMISS

**1**    <u>NOTICE OF MOTION AND MOTION</u>

**2**  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**3**

**4**         PLEASE TAKE NOTICE that at 9:00 a.m., on June 2, 2008, or as soon

**5**  thereafter as the matter may be heard in Courtroom 10D of the United States District

**6**  Court for the Central District of California, Southern Division, located at 411 West

**7**  Fourth Street, Room 1053, Santa Ana, CA 92701-4516, the Honorable Andrew J.

**8**  Guilford presiding, Defendant Fremont Investment & Loan ("Fremont" or

**9**  "Defendant") will, and hereby does, move the Court pursuant to Federal Rules of

**10**  Civil Procedure 12(b)(1) and 12(g)(1) to dismiss the claims asserted by Plaintiff

**11**  National Association for the Advancement of Colored People ("Plaintiff") in its

**12**  Second Amended Complaint ("SAC").  The grounds for this motion are:

**13**         1.     Plaintiff's claims for injunctive and declaratory relief in connection with

**14**  Fremont's alleged lending practices do not present the Court with a live "case or

**15**  controversy" under Article III, § 2 of the U.S. Constitution and are moot because

**16**  Fremont ceased originating subprime residential mortgage loans to borrowers before

**17**  Plaintiff commenced this lawsuit, and has no present intention to resume this

**18**  business activity.

**19**         2.     Regardless of whether Plaintiff's injunctive and declaratory claims in

**20**  connection with Fremont's alleged lending practices are moot, Plaintiff does not face

**21**  a cognizable danger from Fremont, and its claims for injunctive and declaratory

**22**  relief, therefore, are not warranted at law.  The Defendant ceased originating

**23**  subprime residential mortgage loans to borrowers before Plaintiff brought this

**24**  lawsuit, and has no present intention to resume this business activity.

**25**         This motion is based on this Notice of Motion and Motion, the attached

**26**  Memorandum of Points and Authorities, all pleadings and papers filed in this action,

**27**  and such other materials as may be presented to the Court before, at, or in connection

**28**  with the hearing.

- i -

NOTICE OF MOTION AND MOTION TO DISMISS

1    This motion is made following the Conference of Counsel pursuant to Local

2  Rule 7-3, which took place on March 28, 2008.

3

4  Dated: April 4, 2008                    SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM LLP
5

6                                          By:   /s/ Raoul D. Kennedy
                                                 Raoul D. Kennedy
7                                                Attorneys for Defendant
                                                 Fremont Investment & Loan
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- ii -

NOTICE OF MOTION AND MOTION TO DISMISS

1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...........................................................................................iv

PRELIMINARY STATEMENT ......................................................................................1

STANDARD OF REVIEW .............................................................................................3

ARGUMENT....................................................................................................................4

I.      BECAUSE IT IS REASONABLY CERTAIN THAT ANY
        PURPORTED WRONG WILL NOT RECUR, FREMONT IS
        ENTITLED TO DISMISSAL OF ALL REQUESTS FOR
        INJUNCTIVE AND DECLARATORY RELIEF. ...................................4

        A.     Plaintiff's Claims for Injunctive and Declaratory Relief Are Moot
               And Should Be Dismissed. ...............................................................4

        B.     Plaintiff's Requests for Injunctive and Declaratory Relief Are
               Unnecessary and Should Be Dismissed.............................................6

CONCLUSION ...............................................................................................................8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

## FEDERAL CASES

Arizonans for Official English v. Arizona,
    520 U.S. 43, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) ..............................3

Armstrong v. Ward,
    529 F.2d 1132 (2nd Cir. 1976) ...................................................................5

Association of American Medical Colleges v. United States,
    217 F.3d 770 (9th Cir. 2000)......................................................................3

Biodiversity Legal Foundation v. Badgley,
    309 F.3d 1166 (9th Cir. 2002)....................................................................5

Bras v. California Public Utilities Commission,
    59 F.3d 869 (9th Cir. 1995).........................................................................7

Cantrell v. City of Long Beach,
    241 F.3d 674 (9th Cir. 2001).......................................................................4

County of Los Angeles v. Davis,
    440 U.S. 635, 99 S. Ct. 1379, 59 L. Ed. 2d 642........................................4, 5

Donald v. Café Royale, Inc.,
    218 Cal. App. 3d 168 (1990).......................................................................7

Engle v. City of Oroville,
    238 Cal. App. 2d 266 (1965).......................................................................7

Foster v. Carson,
    347 F.3d 742 (9th Cir. 2003).......................................................................3

Gest v. Bradbury,
    443 F.3d 1177 (9th Cir. 2006)......................................................................7

High Country Resources v. FERC,
    255 F.3d 741 (9th Cir. 2001).......................................................................3

Mallon v. Long Beach,
    164 Cal. App. 2d 178 (1958).......................................................................8

National Rural Telecommunications Cooperative v. DIRECTV, Inc.,
    319 F. Supp. 2d 1040 (C.D. Cal. 2003).......................................................7

Smith v. University of Washington Law School,
    233 F.3d 1188 (9th Cir. 2000)..................................................................4, 5, 7

St. Paul Fire & Marine Insurance Co. v. Barry,
    438 U.S. 531, 98 S. Ct. 2923, 57 L. Ed. 2d 932 (1978) ..............................6

Stock West, Inc. v. Confederated Tribes,
    873 F.2d 1221 (9th Cir. 1989)......................................................................3

- iv -

Thornhill Publishing Co. v. General Telephone & Electronics Corp.,
    594 F.2d 730 (9th Cir. 1979)...............................................................................3

Tosco Corp v. Communities For a Better Environment,
    236 F.3d 495 (9th Cir. 2001)...............................................................................3

TRW, Inc. v. FTC,
    647 F.2d 942 (9th Cir. 1981)...........................................................................6, 7

United States v. Concentrated Phosphate Export Association,
    393 U.S. 199, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968) ....................................4

United States v. W.T. Grant Co.,
    345 U.S. 629, 73 S. Ct. 894, 97 L. Ed. 1303 (1953) .......................................6

Winokur v. Bell Federal Savings and Loan Association,
    560 F.2d 271 (7th Cir. 1977)...........................................................................4, 5

**FEDERAL AUTHORITIES**

15 U.S.C. § 1691..............................................................................................1

42 U.S.C. § 1981..............................................................................................1

42 U.S.C. § 1982..............................................................................................1

42 U.S.C. § 3601..............................................................................................1

Fed. R. Civ. P. 12 .........................................................................................1, 3

U.S. Const. art. III, § 2 ......................................................................................2

**OTHER AUTHORITIES**

13A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction
    § 3533.9 (2d ed. 1984 & Supp.) ........................................................................5

- v -

## **PRELIMINARY STATEMENT**

1

2    Plaintiff National Association for the Advancement of Colored People

3    ("Plaintiff") does not and cannot present a live "case or controversy" regarding its

4    injunctive and declaratory claims in connection with Fremont Investment & Loan's

5    ("Fremont" or "Defendant") alleged mortgage lending practices.  Even if Plaintiff

6    could do so – which it cannot – such remedies are unnecessary and inappropriate.

7    Since approximately March 2007, before Plaintiff filed its original complaint and

8    well before it filed and served either its First or Second Amended Complaint

9    ("SAC")[1] in this matter, Fremont has not originated subprime residential mortgage

10   loans to new customers (the business activity on which Plaintiff bases its

11   allegations).  Accordingly, Plaintiff's injunctive and declaratory claims against the

12   Defendant are moot.  Regardless of their mootness, such forms of relief are

13   unwarranted as a matter of law.  Therefore, Plaintiff's claims for injunctive and

14   declaratory relief in connection with Fremont's alleged mortgage lending practices

15   should be dismissed with prejudice.

16   As Defendants explain more fully in their Joint Motion to Dismiss Plaintiff's

17   Second Amended Complaint, the SAC does not include a single specific factual

18   allegation about Fremont, but rather insufficiently alleges – in vague and conclusory

19   fashion – that Fremont violated three statutes, the Fair Housing Act, 42 U.S.C.

20   §§ 3601 et seq., the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq., and

21   the Civil Rights Act, 42 U.S.C. §§ 1981-82.  Plaintiff claims that Fremont violated

22   these laws by allegedly discriminating against African-American borrowers in the

23   underwriting and pricing of subprime residential mortgage loans to them.   In

24   connection with its allegations, Plaintiff seeks both injunctive and declaratory relief

25   ---

26   [1] Pursuant to Federal Rule of Civil Procedure 12(g)(1), Fremont incorporates herein
     the arguments made in Defendants' Notice of Joint Motion and Joint Motion to
     Dismiss Plaintiff's Second Amended Complaint and the Memorandum of Points and

27   Authorities in Support Thereof, and files this supplemental motion with respect to
     arguments for dismissal specific to Fremont.

28

NOTICE OF MOTION AND MOTION TO DISMISS

1   against Fremont.  (SAC ¶¶ 13, 42, 132, 142, 147, and "Prayer.")  Such requests for

2   relief, however, are moot and otherwise unavailable at law because Fremont ceased

3   originating subprime residential mortgage loans to borrowers *well before* Plaintiff

4   filed this lawsuit.

5          Four months prior to the filing of its original Complaint, on March 7, 2007,

6   Fremont stipulated to a Cease and Desist Order with the Federal Deposit Insurance

7   Corporation (the "FDIC Order").  (Declaration of Alan Orechwa at ¶ 3 and Ex. A

8   (the FDIC Order).)  On April 13, 2007, it entered into a Final Order, as amended,

9   with the California Department of Financial Institutions ("DFI Order," together with

10  the FDIC Order, the "Orders").  (Id. at ¶ 3.)  The Orders, among other provisions,

11  require Fremont to undertake certain actions with respect to the operation of its

12  subprime mortgage lending business.  (Id. at ¶ 3 and Ex. A.)  Since approximately

13  March 2007, Fremont has not originated subprime residential mortgage loans to new

14  customers.  (Id. at ¶ 4 and Ex. B (Mar. 2, 2007 Press Release).)  As the public filings

15  of Fremont's corporate parent demonstrate, Fremont has exited the business of

16  originating subprime residential real estate loans.  (Id. at ¶5 and Ex. C (Nov. 9, 2007

17  Quarterly Report).)  Fremont, moreover, has no present intention to engage in the

18  origination of subprime residential real estate loans in the future.  (Id.)

19         Because Fremont ceased originating subprime residential mortgages over ten

20  months before Plaintiff filed the SAC and still months before Plaintiff filed its July

21  2007 complaint, Plaintiff fails to present this Court with a live "case or controversy"

22  under Article III, § 2 of the United States Constitution.  It is plain that, well before

23  Plaintiff commenced this case, Fremont ceased, and has affirmed its current intention

24  not to resume, the conduct that underlies the claims in the SAC – namely, the

25  underwriting and pricing of subprime residential mortgage loans.  For this reason,

26  even if this Court finds Plaintiff's injunctive and declaratory claims are not moot,

27  which they are, it should, consistent with U.S. Supreme Court and Ninth Circuit

28

-2-

NOTICE OF MOTION AND MOTION TO DISMISS

1  precedent, find that such relief is not cognizable because it is reasonably certain that

2  the conduct the SAC alleges will not recur.

3  **STANDARD OF REVIEW**

4        On a motion to dismiss a complaint for lack of subject matter jurisdiction

5  pursuant to Rule 12(b)(1), Fed. R. Civ. P., the party asserting the claims has the

6  burden to demonstrate that jurisdiction exists.  Thornhill Publ'g Co. v. Gen. Tel. &

7  Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Tosco Corp v. Cmtys. For a Better

8  Env't, 236 F.3d 495, 499 (9th Cir. 2001) ("When subject matter jurisdiction is

9  challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction

10  in order to survive the motion.").  The court presumes lack of jurisdiction until the

11  plaintiff proves otherwise.  See Stock W., Inc. v. Confederated Tribes, 873 F.2d

12  1221, 1225 (9th Cir. 1989).  In adjudicating a motion to dismiss for lack of

13  jurisdiction, the court is not limited to the pleadings, and may properly consider

14  extrinsic evidence.  See Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770,

15  778 (9th Cir. 2000).  When the court concludes that it lacks jurisdiction, it must

16  dismiss the action without reaching the merits of the complaint.  See High Country

17  Res. v. FERC, 255 F.3d 741, 748 (9th Cir. 2001).

18        Jurisdiction is required throughout the life of the litigation.  Arizonans for

19  Official English v. Arizona, 520 U.S. 43, 67, 117 S. Ct. 1055, 1068-69, 137 L. Ed.

20  2d 170 (1997).  When the situation between the parties changes and "there is no

21  longer a possibility that [a party] can obtain relief for his claim, that claim is moot

22  and must be dismissed for lack of jurisdiction."  Foster v. Carson, 347 F.3d 742, 745

23  (9th Cir. 2003) (quotation omitted).

24

25

26

27

28                         -3-

1
## ARGUMENT

2
3
4
I. **BECAUSE IT IS REASONABLY CERTAIN THAT ANY PURPORTED WRONG WILL NOT RECUR, FREMONT IS ENTITLED TO DISMISSAL OF ALL REQUESTS FOR INJUNCTIVE AND DECLARATORY RELIEF.**

5
6
          A.    **Plaintiff's Claims for Injunctive and Declaratory Relief Are Moot And Should Be Dismissed.**

7
The Plaintiff's claims for injunctive and declaratory relief in the SAC must be

8
dismissed as moot because, before Plaintiff filed its July 2007 complaint and well

9
before it filed the SAC, Fremont exited its subprime residential mortgage origination

10
business and has no present intent to resume this business.  (Declaration of Alan

11
Orechwa at ¶¶ 4-5 and Exs. B-C.)

12
"A case becomes moot whenever it 'loses its character as a present, live

13
controversy of the kind that must exist if we are to avoid advisory opinions on

14
abstract propositions of law.'"  Cantrell v. City of Long Beach, 241 F.3d 674, 678

15
(9th Cir. 2001) (quoting Hall v. Beals, 396 U.S. 45, 48 (1969)).  "Simply stated, a

16
case is moot when the issues are no longer 'live' or the parties lack a legally

17
cognizable interest in the outcome."  County of Los Angeles v. Davis, 440 U.S. 625,

18
631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979) (citation omitted).  A defendant's

19
voluntary action can render a case moot.  Id.  A case, moreover, "becomes moot

20
where there is no reasonable expectation that the wrong will be repeated."  Winokur

21
v. Bell Fed. Sav. & Loan Ass'n, 560 F.2d 271, 274 (7th Cir. 1977) (citation omitted);

22
United States v. Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203, 89 S. Ct.

23
361, 364, 21 L. Ed. 2d 344 (1968).  As the Ninth Circuit has explained, when

24
deciding whether claims are moot, "[t]he question is whether there can be any

25
effective relief."  Cantrell, 241 F.3d at 678 (citation omitted).  This approach applies

26
equally when evaluating whether requests for relief are moot, including requests for

27
injunctive and declaratory relief.  See, e.g., Smith v. Univ. of Washington Law Sch.,

28
-4-

1  233 F.3d 1188, 1195 (9th Cir. 2000); <u>see also</u> <u>Biodiversity Legal Found. v. Badgley</u>,

2  309 F.3d 1166, 1174-75 (9th Cir. 2002) (quotations omitted).  In the context of a

3  class lawsuit, when the claim of the class is moot, the case is finished.  <u>See, e.g.</u>,

4  <u>Smith</u>, 233 F.3d at 1193-95; <u>Armstrong v. Ward</u>, 529 F.2d 1132, 1135 (2d Cir.

5  1976); <u>accord</u> 13A Wright, Miller & Cooper, <u>Federal Practice and Procedure:</u>

6  <u>Jurisdiction</u> § 3533.9 (2d ed. 1984 & Supp.).

7        Understandably, "the burden of demonstrating mootness 'is a heavy one,'"

8  <u>County of Los Angeles</u>, 440 U.S. at 631 (citation omitted), but when, as here, the

9  underlying facts demonstrate that the alleged conduct is reasonably certain not to

10 recur, then injunctive and declaratory relief serves no meaningful purpose, and the

11 Court should dismiss such claims as moot.  <u>See, e.g.</u>, <u>Smith</u>, 233 F.3d at 1193-95;

12 <u>Winokur</u>, 560 F.2d at 274-75.

13       Since approximately March 2007, Fremont has not originated subprime

14 residential mortgage loans to new customers.  (Declaration of Alan Orechwa at ¶ 4

15 and Ex. B.)  As Fremont's public filings detail, Fremont has exited the business of

16 originating subprime residential real estate loans.  (<u>Id.</u> at ¶ 5 and Ex. C.)  Fremont,

17 moreover, has no present intention to engage in the business of originating subprime

18 residential real estate loans in the future.  (<u>Id.</u>)  Indeed, Fremont's exit from the

19 business of originating subprime residential mortgage loans has been coupled with

20 FDIC and DFI oversight.  (<u>Id.</u> at ¶ 3 and Ex. A.)

21       Plaintiff, thus, faces no reasonable likelihood of future harm from the

22 challenged conduct, and Fremont can provide no meaningful injunctive or

23 declaratory relief to the Plaintiff.  Fremont no longer originates subprime residential

24 mortgage loans to borrowers (the business activity that underlies Plaintiff's

25 allegations), and has no present intention to resume this business activity.  (<u>Id.</u> at

26 ¶¶ 4-5 and Exs. B-C.)  Plaintiff's requests for injunctive and declaratory relief from

27 Fremont are even more unavailing given that both the FDIC and the DFI have

28                                    -5-

1  examined and will continue to monitor Fremont.  (Id. at ¶ 3 and Ex. A.)

2  Accordingly, the Court should dismiss with prejudice Plaintiff's injunctive and

3  declaratory claims as moot.

4       **B.     Plaintiff's Requests for Injunctive and Declaratory Relief Are
                 Unnecessary and Should Be Dismissed.**

5

6       Even if Plaintiff can satisfy its burden to show that its injunctive and

7  declaratory claims against Fremont are not moot – which it cannot – Plaintiff simply

8  cannot demonstrate that it is otherwise entitled to such relief at law.  Because

9  Fremont has ceased originating subprime residential mortgage loans to new

10 borrowers and has no present intent to resume its subprime residential mortgage

11 origination business, Plaintiff cannot show – as it must for its claims for injunctive

12 and declaratory relief to survive – that it faces the required "cognizable danger" that

13 the conduct Plaintiff alleges can recur.

14      It is a well-accepted requirement that, even if an action is not moot, relief must

15 be justified separately.  See, e.g., St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S.

16 531, 538 & n.7, 98 S. Ct. 2923, 2928 & n.7, 57 L. Ed. 2d 932 (1978) (observing that

17 the failure to show mootness does not preclude the parties from showing that the

18 likelihood of further alleged violations is sufficiently remote to make injunctive

19 relief unnecessary); TRW, Inc. v. FTC, 647 F.2d 942, 953-54 (9th Cir. 1981).  The

20 legal standard that governs the need for prospective relief is whether the plaintiff can

21 show that "there exists some cognizable danger of recurrent violation, something

22 more than mere possibility which serves to keep the case alive."  United States v.

23 W.T. Grant Co., 345 U.S. 629, 633, 73 S. Ct. 894, 898, 97 L. Ed. 1303 (1953).  As

24 the Ninth Circuit has explained, "[t]he difference between the standard governing

25 mootness and that regarding the need for prospective relief thus is one between a

26 'mere possibility' and a 'cognizable danger' of recurrent violation."  TRW, Inc., 647

27 F.2d at 954 (rejecting mootness argument, but, nevertheless, setting aside FTC's

28

-6-

1   cease and desist order and finding that the FTC had not carried the burden of

2   showing a need for prospective relief).

3        When, as here, plaintiffs seek declaratory and injunctive relief, "they must

4   demonstrate that they are 'realistically threatened by a *repetition* of the [alleged]

5   violation.'" Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006) (quotation and

6   citations omitted) (emphasis in original); Bras v. California Pub. Utils. Comm'n, 59

7   F.3d 869, 873 (9th Cir. 1995) (explaining that, when seeking injunctive relief, "it is

8   insufficient for [plaintiff] to demonstrate that he was injured in the past; he must

9   instead show a *very significant possibility* of future harm.") (emphasis added); see

10  also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1040, 1051

11  (C.D. Cal. 2003) (explaining injunctions operate only with future effect, and they are

12  not granted to punish alleged acts already completed).  A change in circumstances

13  that renders injunctive or declaratory relief moot ***or unnecessary*** justifies the Court's

14  denial of these remedies.  See, e.g., TRW, Inc., 647 F.2d at 953-54; cf. Donald v.

15  Café Royale, Inc., 218 Cal. App. 3d 168, 184 (1990) (affirming denial of injunctive

16  relief to require compliance with equal access statutes where defendant was insolvent

17  and dissolved); Engle v. City of Oroville, 238 Cal. App. 2d 266, 270 (1965)

18  (dismissing, as a matter of law, plaintiff's claim for a permanent injunction even

19  though the alleged wrong continued for three months after the issuance of the

20  preliminary injunction; noting that a baseless injunction will subject defendant "to

21  being brought into court upon vexatious proceedings in contempt").

22       Given that Fremont, well before this action was filed, ceased originating

23  subprime residential mortgage loans (the business activity that underlies Plaintiff's

24  allegations) and has affirmed it has no current plans to resume such activity, Plaintiff

25  faces neither a genuine risk of future injury, nor a cognizable danger that the alleged

26  conduct could recur.  Smith, 233 F.3d at 1195 (holding that plaintiffs' injunctive and

27  declaratory claims against defendant Law School, which did not wait for litigation to

28  
-7-

NOTICE OF MOTION AND MOTION TO DISMISS

1 | alter allegedly discriminatory admission policies, were moot and otherwise

2 | unwarranted at law because there was no reasonable likelihood the allegations,

3 | whatever their merit, could recur) (citing other cases on point).  As such, the Court

4 | should not entertain the "extraordinary power" of injunctive or declaratory relief.

5 | <u>Mallon v. Long Beach</u>, 164 Cal. App. 2d 178, 190 (1958).  Instead, it should dismiss

6 | Plaintiff's claims for injunctive and declaratory relief with prejudice.

7 | **CONCLUSION**

8 | For the foregoing reasons, Fremont respectfully asks the Court to dismiss

9 | Plaintiff's claims for injunctive and declaratory relief against it with prejudice.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

1

2  Dated: April 4, 2008                SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM LLP
3

4

5                                      By:   /s/ Raoul D. Kennedy

6                                      Raoul D. Kennedy (State Bar No. 40892)
                                       Four Embarcadero Center, Suite 3800
7                                      San Francisco, California  94111-4144
                                       415/984-6400 (Telephone)
8                                      415/984-2698 (Facsimile)
                                       rkennedy@skadden.com
9

10
                                       Andrew L. Sandler
11                                     Benjamin B. Klubes
                                       Benjamin P. Saul
12                                     1440 New York Ave., N.W.
                                       Washington, DC 20005
13                                     202/371-7000 (Telephone)
                                       202/393-5760 (Facsimile)
14                                     asandler@skadden.com
                                       bklubes@skadden.com
15                                     bsaul@skadden.com

16

17

18                                     Attorneys for Defendant Fremont
                                       Investment & Loan
19

20

21

22

23

24

25

26

27

28                                              -9-
─────────────────────────────────────────────────────────