1  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  Four Embarcadero Center, Suite 3800
   San Francisco, California 94111-4144
3  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
4  Email: rkennedy@skadden.com

5  Of Counsel:
   ANDREW L. SANDLER (To Be Admitted *Pro Hac Vice*)
6  BENJAMIN B. KLUBES (To Be Admitted *Pro Hac Vice*)
   BENJAMIN P. SAUL (To Be Admitted *Pro Hac Vice*)
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Ave., N.W.
8  Washington, DC 20005
   Telephone: (202) 371-7000
9  Facsimile: (202) 393-5760
   Email: asandler@skadden.com, bklubes@skadden.com, bsaul@skadden.com

10 Attorneys for Defendant National City Corporation

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                   SOUTHERN DIVISION

15
   NATIONAL ASSOCIATION FOR THE          ) No. SACV 07-0794 AG (ANX)
16 ADVANCEMENT OF COLORED                )
   PEOPLE (NAACP),                       ) CLASS ACTION
17                                        )
                          Plaintiff,      ) (1) NOTICE OF MOTION AND
18                                        )     MOTION OF DEFENDANT TO
                                          )     DISMISS PLAINTIFF'S
19      v.                                )     SECOND AMENDED
                                          )     COMPLAINT; MEMORANDUM
20 AMERIQUEST MORTGAGE                    )     OF POINTS AND
   COMPANY, et al.,                       )     AUTHORITIES IN SUPPORT
21                                        )     THEREOF;
                          Defendants.     )
22                                        ) (2) DECLARATION (Lodged Under
                                          )     Separate Cover);
23                                        )
                                          ) (3) [PROPOSED] ORDER (Lodged
24                                        )     Under Separate Cover)
                                          )
25                                        ) ORAL ARGUMENT REQUESTED
                                          )
26                                        ) Date:  June 2, 2008
                                          ) Time:  9:00 a.m.
27                                        ) Place: Courtroom 10D
                                          )        Santa Ana Courthouse
28 _____ ) Judge: Hon. Andrew J. Guilford

---

NOTICE OF MOTION AND MOTION TO DISMISS

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 9:00 a.m., on June 2, 2008, or as soon thereafter as the matter may be heard in Courtroom 10D of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, the Honorable Andrew J. Guilford presiding, Defendant named as National City Corporation ("Defendant") will, and hereby does, move the Court pursuant to Federal Rules of Civil Procedure 12(b)(1)-(2) and 12(g)(1) to dismiss the claims asserted by Plaintiff National Association for the Advancement of Colored People ("Plaintiff") in its Second Amended Complaint ("SAC"). The grounds for this motion are:

1. Defendant is not a proper party to the action, and the Court lacks both personal and subject matter jurisdiction over it and the SAC because Defendant is a holding company, without district contacts, that is neither licensed to originate, nor does originate mortgage loans.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers filed in this action, and such other materials as may be presented to the Court before, at, or in connection with the hearing.

This motion is made following the Conference of Counsel pursuant to Local Rule 7-3, which took place on March 28, 2008.

1

2 Dated: April 4, 2008                    SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM LLP
3

4                                         By:    /s/ Raoul D. Kennedy
                                               Raoul D. Kennedy
5                                              Attorneys for Defendant
6                                              National City Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS

1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................iv

PRELIMINARY STATEMENT ...........................................................1

ARGUMENT.......................................................................................3

I.    NATIONAL CITY IS NOT A PROPER PARTY TO THIS ACTION
      BECAUSE THE COURT LACKS PERSONAL AND SUBJECT
      MATTER JURISDICTION OVER IT AND THE SAC..............................3

      A.    National City Is Not Subject to The Court's Personal Jurisdiction. .....3

            1.    Fundamental Principles of Personal Jurisdiction. .....................3

            2.    The SAC Fails to Allege a Basis for the Court to Assert
                  Personal Jurisdiction Over National City. ...............................5

            3.    Plaintiff Does Not and Can Not Allege a Parent-Subsidiary
                  Relationship as a Basis for the Court to Establish Personal
                  Jurisdiction Over National City..................................................8

      B.    The Court Lacks Subject Matter Jurisdiction Over The SAC, as to
            National City...................................................................................10

CONCLUSION ...................................................................................11

- iii -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

<u>**FEDERAL CASES**</u>

<u>American Dredging Co. v. Local 25 Marine Division,</u>
   338 F.2d 837 (3d Cir. 1964) ........................................................10

<u>Asahi Metal Industry Co., Ltd. v. Superior Court,</u>
   480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) .................5

<u>Bancroft & Masters, Inc. v. Augusta National, Inc.,</u>
   223 F.3d 1082 (9th Cir. 2000)........................................................7

<u>Bell Atlantic Corp. v. Twombly,</u>
   127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...................................6

<u>Birzer v. Jockey's Guild, Inc.,</u>
   444 F. Supp. 2d 1005 (C.D. Cal. 2006) .........................................4

<u>Burger King Corp. v. Rudzewicz,</u>
   471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ..............4

<u>Calvert v. Huckins,</u>
   875 F. Supp. 674 (E.D. Cal. 1995) .............................................8, 9

<u>Catrone v. Ogden Suffolk Downs, Inc.,</u>
   647 F. Supp. 850 (D. Mass. 1986)..................................................4

<u>Central States, Southeast & Southwest Areas Pension Fund,</u>
   230 F.3d 934 (7th Cir. 2000)..........................................................8

<u>Commodity Trend Service, Inc. v. CFTC,</u>
   149 F.3d 679 (7th Cir. 1998)..........................................................6

<u>Cubbage v. Merchent,</u>
   744 F.2d 665 (9th Cir. 1984)..........................................................5

<u>Cushing v. City of Chicago,</u>
   3 F.3d 1156 (7th Cir. 1993)............................................................6

<u>Doe v. Unocal Corp.,</u>
   248 F.3d 915 (9th Cir. 2001).................................................... 8-10

<u>Ex parte Equitable Trust Co. of New York,</u>
   231 F. 571 (9th Cir. 1916) ...........................................................10

<u>Gompper v. VISX, Inc.,</u>
   298 F.3d 893 (9th Cir. 2002).........................................................3

<u>Helicopteros Nacionales de Colombia, S.A. v. Hall,</u>
   466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ..........5, 7

<u>Integrated Business Information Service v. Dun & Bradstreet Corp.,</u>
   714 F. Supp. 296 (N.D. Ill. 1989)..................................................6

International Shoe Co. v. Washington,
 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ..........................................4

Kramer Motors, Inc. v. British Leyland, Ltd.,
 628 F.2d 1175 (9th Cir. 1980)...................................................................9

Lovelace v. Software Spectrum, Inc.,
 78 F.3d 1015 (5th Cir. 1996)....................................................................2

Mack v. South Bay Beer Distributors, Inc.,
 798 F.2d 1279 (9th Cir. 1986)...................................................................2

Mitan v. Feeney,
 497 F. Supp. 2d 1113 (C.D. Cal. 2007) ...................................................4, 5

Omni Capital International v. Rudolf Wolf & Co.,
 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ..............................3, 4

Papasan v. Allain,
 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) .............................6

Provenzano v. United States,
 123 F. Supp. 2d 554 (S.D. Cal. 2000) ........................................................6

Reynolds v. Stockton,
 140 U.S. 254, 11 S. Ct. 773, 35 L. Ed. 464 (1891) ...................................10

Rocke v. Canadian Automobile Sport Club,
 660 F.2d 395 (9th Cir. 1981).....................................................................4

Sawtelle v. Farrell,
 70 F.3d 1381 (1st Cir. 1995) ..................................................................5, 7

Schwarzenegger v. Fred Martin Motor Co.,
 374 F.3d 797 (9th Cir. 2004).....................................................................5

Spann v. Colonial Village, Inc.,
 899 F.2d 24 (D.C. Cir. 1990) .....................................................................4

United States v. Ritchie,
 342 F.3d 903 (9th Cir. 2003).....................................................................2

Von Grabe v. Sprint PCS,
 312 F. Supp. 2d 1285 (N.D. Cal. 2003)......................................................6

Wagner v. Daewoo Heavy Industries America Corporation,
 314 F.3d 541 (11th Cir. 2002)....................................................................3

World-Wide Volkswagen Corp. v. Woodson,
 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ...............................4

- v -

**FEDERAL AUTHORITIES**

12 C.F.R. § 202.16.................................................................................4

15 U.S.C. § 1691.................................................................................1

42 U.S.C. § 1981.................................................................................1

42 U.S.C. § 1982.................................................................................1

42 U.S.C. § 3601.................................................................................1

Fed. R. Civ. P. 4(k) ..............................................................................3

Fed. R. Civ. P. 12..........................................................................1, 2, 5

Fed. R. Evid. 201.................................................................................2

**OTHER AUTHORITIES**

Charles Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>
    § 1069.4 (3d ed. 2002) ................................................................8

NOTICE OF MOTION AND MOTION TO DISMISS

**PRELIMINARY STATEMENT**

National City Corporation ("National City"), a holding company that does not make mortgage loans or otherwise conduct mortgage-related business, plainly does not belong in this case.  The Court lacks personal jurisdiction over National City, and subject matter jurisdiction over this action.

Plaintiff did not name National City as a defendant until filing its First Amended Complaint ("FAC") in December 2007.  Before the Defendants responded to the FAC, the Parties commenced the required "meet and confer" process on February 11, 2008.   During that process, National City advised Plaintiff that it was not a proper party to this action.  On March 7, 2008, Plaintiff filed its Second Amended Complaint ("SAC"), again naming National City as a defendant and altering only its factual allegations to claim (inaccurately) that holding company National City directly engaged in mortgage lending.  (Compare FAC ¶ 30 with SAC ¶ 28.)[1]

As Defendants explain more fully in their Joint Motion to Dismiss Plaintiff's Second Amended Complaint, the SAC does not include a single specific fact or allegation about National City, but rather insufficiently alleges—in a vague and conclusory fashion—that National City violated three statutes, the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. ("FHA"), the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq. ("ECOA"), and 42 U.S.C. §§ 1981-82 et seq. ("Civil Rights Act"). The Plaintiff alleges that National City violated these laws by purportedly discriminating against African-American borrowers in the marketing and underwriting of mortgage loans.  Plaintiff's claims against National City simply are not cognizable and the SAC against it must be dismissed.

---

[1]  Pursuant to Federal Rule of Civil Procedure 12(g)(1), National City incorporates herein the arguments made in Defendants' Notice of Joint Motion and Joint Motion to Dismiss and the Memorandum of Points and Authorities in Support Thereof, and files this supplemental motion with respect to arguments for dismissal specific to National City.

1  National City has never been licensed to originate mortgage loans in any state,

2  and has never originated mortgage loans.  (Declaration of Thomas A. Plant at ¶ 4.)[2]

3  National City has never approved, directed, controlled, modified, or implemented the

4  mortgage loan underwriting and pricing guidelines that any of its subsidiaries might

5  have in place.  (Id. at ¶ 5.)

6  National City is a registered bank holding company and a financial holding

7  company.  (Id. at ¶ 3.)  It is separate and distinct from its subsidiaries.  Both National

8  City and its subsidiaries utilize corporate conventions that establish and maintain

9  such distinctiveness.  (Id. at ¶¶ 3-5.)

10  National City has no California corporate presence.  (Id. at ¶¶ 6.)  It owns no

11  California property, has no place of business in California, maintains no bank

12  account in California, has no California employees, distributors or agents, and

13  neither pays, nor is obligated to pay California taxes.  (Id.)

14  Accordingly, the Court lacks personal jurisdiction over National City because

15  Plaintiff has not properly alleged that National City possesses the requisite contacts

16  with this district, and has not even attempted to allege that National City has

17  exercised inordinate control over a subsidiary with such contacts (which it has not).

18  Plaintiff, moreover, should not have named, nor can name, National City as a party

19  to this action.  Because National City is an improper party to this action, the Court

20  also lacks subject matter jurisdiction over the SAC, as to National City.  Therefore,

21  Plaintiff has not properly pleaded allegations required to establish either the Court's

22  [2] The Court may consider facts outside the pleadings on a motion under Federal
Rules of Civil Procedure 12(b)(1) & (2).  Alternatively, the Court may take judicial
23  notice of the fact that National City is not licensed to originate or service mortgage
loans because it is a fact not "subject to reasonable dispute" that is "capable of
24  accurate and ready determination by resort to sources whose accuracy cannot
reasonably be questioned," namely, federal and state banking, securities and related
25  filings.  Fed. R. Evid. 201(b).  Because "[j]udicial notice may be taken at any stage
of the proceeding," Fed. R. Evid. 201(f), the Court may take notice of this fact on a
26  Motion to Dismiss.  See, e.g., Mack v. S. Bay Beer Distrib., Inc., 798 F.2d 1279,
1282 (9th Cir. 1986); see also United States v. Ritchie, 342 F.3d 903, 908-909 (9th
27  Cir. 2003); Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir.
1996) (endorsing the court's ability to take judicial notice of public filings).
28

- 2 -

1  personal jurisdiction over National City, or subject matter jurisdiction over the SAC,

2  and the Court should dismiss all claims against National City in their entirety and

3  with prejudice.[3]

## ARGUMENT

4

5  **I.   NATIONAL CITY IS NOT A PROPER PARTY TO THIS ACTION
        BECAUSE THE COURT LACKS PERSONAL AND SUBJECT
6       MATTER JURISDICTION OVER IT AND THE SAC.**

7

8       **A.   National City Is Not Subject to The Court's Personal Jurisdiction.**

9       The Court cannot and should not exercise personal jurisdiction over National

10 City.  Simply put, it is inconsistent with the law and the notions of fair play and

11 substantial justice to force National City, a holding company that is incorporated in

12 Delaware, headquartered in Cleveland, does no business in California, and exists

13 solely to own and hold subsidiary corporations, to defend itself in this district.

14                **1.   Fundamental Principles of Personal Jurisdiction.**

15      According to the Supreme Court, "a federal court normally looks either to a

16 federal statute or to the long-arm statute of the State in which it sits to determine

17 whether a defendant is amenable to [personal jurisdiction]."  <u>Omni Capital Int'l v.</u>

18 <u>Rudolf Wolf & Co.</u>, 484 U.S. 97, 105, 108 S. Ct. 404, 410, 98 L. Ed. 2d 415 (1987);

19 <u>see also</u> Fed. R. Civ. P. 4(k).  To exercise personal jurisdiction over a defendant in a

20 federal question case that is commenced in federal court, a court must determine

21 that: (1) bringing the defendant into court accords with Fifth Amendment due

22 process principles; and (2) the defendant is amenable to process from the court.  <u>See,</u>

23 <u>e.g.</u>, <u>Omni</u>, 484 U.S. at 104.

24

25

26 [3]  Because Plaintiff cannot, under the circumstances, amend the SAC to establish
    either subject matter or personal jurisdiction over National City, the Court should
27 dismiss this action with prejudice.  <u>See, e.g.</u>, <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893,
    898 (9th Cir. 2002); <u>see also</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d
28 541, 542 (11th Cir. 2002) (en banc).

1   If the federal statutes, as here, do not resolve the issue or otherwise apply,[4] the

2   resolution of personal jurisdiction questions in federal cases turns on the analysis of

3   the long-arm statute in effect in the state in which the court is located.  Omni, 484

4   U.S. at 105.  If jurisdiction is established under the applicable long-arm statute, the

5   Court must determine whether the assertion of that jurisdiction comports with the

6   constitutional requirement of due process.  See, e.g., Rocke v. Canadian Automobile

7   Sport Club, 660 F.2d 395, 398-99 (9th Cir. 1981).  Under the California long-arm

8   statute, which is coextensive with due process requirements, these questions collapse

9   into a single inquiry of whether the assertion of jurisdiction over the defendant is

10   constitutionally permissible.  Id. at 398; Birzer v. Jockey's Guild, Inc., 444 F. Supp.

11   2d 1005, 1008 (C.D. Cal. 2006).

12   Due process protects an individual's liberty interest in not being haled into

13   court in a forum "with which he has established no meaningful 'contacts, ties, or

14   relations.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S. Ct.

15   2174, 2181-82, 85 L. Ed. 2d 528 (1985).  Under this protection, a court can exercise

16   jurisdiction over a nonresident defendant, like National City, only if "minimum

17   contacts" exist between it and the forum state such that it "should reasonably

18   anticipate being haled into court" in the forum state.  Burger King, 471 U.S. at 474;

19   World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567,

20   62 L. Ed. 2d 490 (1980).  The defendant's contacts, moreover, must rise to the level

21   that they do not offend "traditional notions of fair play and substantial justice."  Int'l

22   Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

23   [4] None of the statutes under which Plaintiff brings this action include a nationwide
24   service of process provision.  See, e.g., Spann v. Colonial Village, Inc., 124 F.R.D. 1, 3 (D.D.C. 1988), rev'd on other grounds, 899 F.2d 24, 34-35 (D.C. Cir. 1990)
25   ("[T]here is no federal statute or rule generally authorizing extraterritorial service in actions under . . . the Fair Housing Act"); Catrone v. Ogden Suffolk Downs, Inc.,
26   647 F. Supp. 850, 856 (D. Mass. 1986) (concluding the Civil Rights Act provides no nationwide service of process); 12 C.F.R. § 202.16 (permitting an ECOA action to be
27   brought in the "appropriate" district court).  The statutes, therefore, do not inform the Court's analysis of whether to exercise personal jurisdiction over National City.

28

- 4 -

NOTICE OF MOTION AND MOTION TO DISMISS

1    The "minimum contacts" requirement may be met in two ways.  First, a court

2    may exercise "general jurisdiction" when the defendant's contacts with the forum are

3    sufficiently "continuous and systematic" to justify the assertion of jurisdiction

4    without regard to whether the action arises out of the defendant's contacts with the

5    forum.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-17 &

6    n.9, 104 S. Ct. 1868, 1872-73 & n.9, 80 L. Ed. 2d 404 (1984).  Second, a court may

7    exercise "specific jurisdiction" if the defendant purposely availed itself of the

8    privilege of the forum state and the litigation arises out of or relates to the

9    defendant's activities in the forum.  Id. at n.8  To exercise specific jurisdiction, the

10   action must *directly arise* out of the specific contacts between the defendant and the

11   forum state.  See, e.g., Mitan v. Feeney, 497 F. Supp. 2d 1113, 1118 (C.D. Cal.

12   2007); Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995).  A loose causal tie to

13   the forum will not suffice.  Sawtelle, 70 F.3d at 1389.  Under either type of personal

14   jurisdiction, "[t]he 'substantial connection' between the defendant and the forum

15   State necessary for a finding of minimum contacts must come about *by an action of*

16   *the defendant purposefully directed toward the forum State*."  Asahi Metal Indus.

17   Co. v. Super. Ct., 480 U.S. 102, 112, 107 S. Ct. 1026, 1032, 94 L. Ed. 2d 92 (1987)

18   (emphasis added).   As shown below, National City does not have sufficient

19   minimum contacts with California for either general or specific jurisdiction.

20          **2.    The SAC Fails to Allege a Basis for the Court to Assert**
                    **Personal Jurisdiction Over National City.**
21

22   A plaintiff opposing a motion to dismiss for lack of personal jurisdiction under

23   Rule 12(b)(2) bears the burden of establishing a prima facie case of personal

24   jurisdiction as to each defendant.  Cubbage v. Merchant, 744 F.2d 665, 667 (9th Cir.

25   1984); Mitan, 497 F. Supp. 2d at 1118.  Unlike other motions under Rule 12 of the

26   Federal Rules of Civil Procedure, when determining personal jurisdiction over a

27   defendant, the Court can consider evidence outside of the complaint, such as

28

1  affidavits submitted by the parties.  See, e.g., Schwarzenegger v. Fred Martin Motor
2  Co., 374 F.3d 797, 800 (9th Cir. 2004); Mitan, 497 F. Supp. 2d at 1118 ("For
3  purposes of a motion to dismiss, factual allegations are taken as true, though it is
4  appropriate when considering jurisdictional issues to look beyond the pleadings to
5  any evidence before the Court.").  Moreover, while the Court must accept as true the
6  well pleaded allegations of the complaint, "the presumption of correctness . . .
7  accord[ed] to a complaint's allegations falls away on the jurisdictional issue once a
8  defendant proffers evidence that calls the Court's jurisdiction into question."
9  Commodity Trend Serv., Inc. v. CFTC, 149 F.3d 679, 685 (7th Cir. 1998);
10  Provenzano v. United States, 123 F. Supp. 2d 554, 557 (S.D. Cal. 2000).  Conclusory
11  allegations without supporting factual allegations cannot withstand a motion to
12  dismiss on jurisdictional grounds.  See, e.g., Von Grabe v. Sprint PCS, 312 F. Supp.
13  2d 1285, 1298 (N.D. Cal. 2003); Cushing v. City of Chicago, 3 F.3d 1156, 1161 n.5
14  (7th Cir. 1993); accord Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L.
15  Ed. 2d 929 (2007).

16        With respect to National City, the **only** allegation in the entire SAC that even
17  arguably creates a nexus between National City and this forum is Plaintiff's bald
18  legal conclusion that "National City is engaged in the business of issuing mortgage
19  loans throughout California . . . ."  (SAC ¶ 28.)  Standing alone, without any facts
20  whatsoever to establish that National City actually engages in any business other
21  than owning and holding its subsidiaries, the Court can ignore this plainly inaccurate
22  allegation.  See, e.g., Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944, 92
23  L. Ed. 2d 209 (1986) ("Although for the purposes of this motion to dismiss we must
24  take all the factual allegations in the complaint as true, we are not bound to accept as
25  true a legal conclusion couched as a factual allegation."); see also Integrated Bus.
26  Info Serv. v. Dun & Bradstreet Corp., 714 F. Supp. 296, 299 (N.D. Ill. 1989)
27  ("because 'doing business' is a legal conclusion . . . we need not conclude that

28

1  [defendants] are doing business in [the forum state].").    Legal conclusions aside,

2  Plaintiff does not—and cannot—allege any specific facts showing that National City

3  actually solicited or did business in California.  Indeed, to solicit or do business in

4  California, National City must not only purposely avail itself of the benefits of the

5  law of California, but also have "contacts [] of the sort that approximate physical

6  presence." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086

7  (9th Cir. 2000).  Plaintiff does not even attempt to satisfy this heavy burden.  (SAC

8  ¶ 28.)  Nor can it.

9       National City has no California corporate presence whatsoever.  (Declaration

10  of Thomas A. Plant at ¶ 6.)   It owns no California property, maintains no California

11  place of business, has no bank account in California, has no California employees,

12  distributors or agents, and it neither pays, nor is obligated to pay California taxes.

13  (Id.)  The Court may take judicial notice of the fact that National City is not and has

14  never been licensed to originate or service mortgage loans in any jurisdiction,

15  including California.  (Id. at ¶  4.)  It is not and has never been engaged in the

16  business of mortgage loan origination or servicing.  (Id.)  Its sole business activity is

17  to own the stock of its subsidiaries, only some of which are licensed to originate

18  and/or service mortgage loans.  (Id. at ¶ 3.)

19       Consequently, the Court may not exercise either general or specific

20  jurisdiction over National City.  There is no general jurisdiction because National

21  City is not engaged in "continuous or systematic general business contacts" in

22  California.  Plaintiff, aside from its inaccurate legal conclusion that National City is

23  engaged in the business of making mortgage loans in California, has alleged none,

24  and, indeed, none exist.  Helicopteros Nacionales, 466 U.S. at 416.  Nor may the

25  Court exercise specific jurisdiction over National City because there are no contacts

26  between it and a single transaction alleged in the SAC.  See, e.g., Sawtelle, 70 F.3d

27  at 1389.  National City, further, has not "availed itself of the privileges of conducting

28

1  activities" in California and could not "reasonably anticipate being haled into court"

2  here given that it is merely a holding company without a single forum contact.  In the

3  absence of any evidence that National City has engaged in purposeful activity in

4  California, there simply are not sufficient minimum contacts to establish that it

5  would be fair and reasonable to require National City to come to this district to

6  defend this action.  In short, this Court's exercise of jurisdiction over National City

7  would be inconsistent with due process, and the Court should dismiss the SAC, as to

8  National City, with prejudice.

9              **3.     Plaintiff Does Not and Can Not Allege a Parent-Subsidiary**
                **Relationship as a Basis for the Court to Establish Personal**

10             **Jurisdiction Over National City.**

11

12      It is a well-settled rule that "corporate ownership alone is not sufficient for

13  personal jurisdiction."  Cent. States, S.E. & S.W. Areas Pension Fund, 230 F.3d 934,

14  943 (7th Cir. 2000); see also Doe v. Unocal Corp., 248 F.3d 915, 925-26 (9th Cir.

15  2001) ("The existence of a relationship between a parent company and its

16  subsidiaries is not sufficient to establish personal jurisdiction over the parent on the

17  basis of the subsidiaries' minimum contacts with the forum."); accord 4A Charles

18  Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2002).

19  Thus, to establish personal jurisdiction over a non-resident parent corporation

20  without forum contacts, such as National City, for its subsidiaries' alleged forum

21  activities, a plaintiff would have to show that the subsidiary is nothing more than an

22  agent or an alter ego of the parent "without any semblance of individual identity."

23  Wright & Miller, supra § 1069.4, at 174.  In cases where there is some attempt to

24  invoke an agency or an alter ego theory to establish personal jurisdiction, there is a

25  "general presumption in favor of respecting the corporate entity."  Calvert v.

26

27

28

- 8 -

1   Huckins, 875 F. Supp. 674, 678 (E.D. Cal. 1995).[5]   As such, courts will pierce the

2   corporate veil to establish personal jurisdiction over a nonresident parent corporation

3   only in "exceptional circumstances" upon "clear evidence." Id.

4         In this Circuit, there is a two-prong test that must be satisfied to establish the

5   existence of an alter ego for jurisdictional purposes.  First, the parent must control

6   the subsidiary "to such a degree as to render the latter the mere instrumentality of the

7   former." Id. (citations omitted).  "Because piercing the corporate veil is a remedy

8   founded on principles of equity," there must also be a showing that the failure to

9   disregard the separate corporate entities would "sanction a fraud or promote

10  injustice." Id. (citations omitted). Although the courts in California and in this

11  Circuit look to a number of factors to determine if the subsidiary is the mere

12  instrumentality of the parent corporation, the most important test is whether the

13  parent operates the subsidiary on a day-to-day basis.  Kramer Motors, Inc. v. British

14  Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir. 1980) (no finding of alter ego where

15  parent companies did not control the "internal affairs" of the subsidiary or "how it

16  operates on a daily basis"); see also Calvert, 875 F. Supp. at 679 (mere

17  instrumentality test requires showing that parent controls how the subsidiary is

18  operated on a "day-to-day basis").

19        Here, Plaintiff has neither pleaded a single subsidiary of National City that

20  might be subject to jurisdiction in this Court, nor alleged that National City is the

21  alter ego of any such subsidiaries.   Indeed, Plaintiff could not make such an

22  allegation because National City observes corporate formalities and does not

23  dominate or otherwise control its subsidiaries.  (Declaration of Thomas A. Plant

24  at ¶¶ 3-5.)  It certainly is not involved in their day-to-day operation.  The SAC,

25  moreover, does not include sufficient factual allegations, nor do the actual

26  _____

27  [5] Again, it remains the plaintiff that bears the burden to establish the court's personal jurisdiction over a defendant, and the Court, when deciding jurisdictional issues, may consider evidence presented in affidavits to assist its determination. See, e.g., Doe v.

28  Unocal Corp., 248 F.3d at 922.

1  circumstances exist, for Plaintiff to reasonably claim that dismissing National City

2  from this case could result in fraud or injustice upon them.  Accordingly, the Court

3  should find that it cannot exercise personal jurisdiction over National City—whether

4  on the basis of its lack of direct contacts with the forum or the lack of control it

5  exercises over any subsidiaries, regardless of their forum contacts—and should

6  dismiss the SAC with prejudice.  See, e.g., Doe, 248 F.3d at 921-31.

7  **B.     The Court Lacks Subject Matter Jurisdiction Over The SAC, as to**
8  **National City.**

9  National City is not a proper party to this lawsuit.  It is a Delaware holding

10  company that is headquartered in Cleveland, Ohio, and was formed to hold, among

11  many other subsidiaries, mortgage lending companies.  (Declaration of Thomas A.

12  Plant at ¶ 3.)  National City is not and has never been licensed to originate or service

13  mortgage loans in any jurisdiction.  (Id. at ¶ 4.)  It is not and has never been engaged

14  in the business of mortgage loan origination or servicing.  (Id.)  Its only business

15  activity is to own the stock of its subsidiaries, some of which are licensed to

16  originate and/or service mortgage loans.  (Id. at ¶ 2.)  Accordingly, National City is

17  not a proper defendant in this matter, and, consistent with long-held principles of

18  jurisdiction, the Court lacks subject matter jurisdiction over the action, as to National

19  City.  See, e.g., Reynolds v. Stockton, 140 U.S. 254, 268, 11 S. Ct. 773, 777, 35 L.

20  Ed. 464 (1891) (holding that a court has subject matter jurisdiction to hear and

21  determine a case *only if* it (1) [has] cognizance of the class of cases to which the

22  particular action to be adjudged belongs, (2) *the proper parties are present*, and (3)

23  the point to be decided must be, in substance and effect, within the issue) (emphasis

24  added); Ex parte Equitable Trust Co. of New York, 231 F. 571, 591 (9th Cir. 1916);

25  see also Am. Dredging Co. v. Local 25 Marine Div., 338 F.2d 837, 842 n.10 (3d Cir.

26  1964).

27

28

1    Plaintiff's claims against National City concerning mortgage lending
2 practices, including pricing, have no basis as a matter of law.  The Court may take
3 judicial notice of the fact that National City is not licensed to originate residential
4 mortgage loans in any jurisdiction, and therefore, could not engage in any of the
5 alleged discriminatory conduct relating to the origination or pricing of residential
6 mortgage loans.  (Declaration of Thomas A. Plant at ¶ 4.)  National City, therefore,
7 cannot be liable for allegedly discriminatory residential mortgage loan origination
8 practices—including any marketing, underwriting, or pricing practices.  For lack of
9 subject matter jurisdiction, this Court must dismiss Plaintiff's claims in the SAC, as
10 against National City, with prejudice.

11                              **<u>CONCLUSION</u>**

12    For the foregoing reasons, National City respectfully asks the Court to dismiss
13 Plaintiff's claims against it with prejudice.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS

1

2   Dated: April 4, 2008                        SKADDEN, ARPS, SLATE, MEAGHER &
                                                FLOM LLP
3

4

5                                               By:   /s/ Raoul D. Kennedy

6                                               Raoul D. Kennedy (State Bar No. 40892)
                                                Four Embarcadero Center, Suite 3800
7                                               San Francisco, California  94111-4144
                                                415/984-6400 (Telephone)
8                                               415/984-2698 (Facsimile)
                                                rkennedy@skadden.com
9

10                                              Andrew L. Sandler
11                                              Benjamin B. Klubes
                                                Benjamin P. Saul
12                                              1440 New York Ave., N.W.
                                                Washington, DC 20005
13                                              202/371-7000 (Telephone)
                                                202/393-5760 (Facsimile)
14                                              asandler@skadden.com
15                                              bklubes@skadden.com
                                                bsaul@skadden.com
16

17

18                                              Attorneys for Defendant National
                                                City Corporation
19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS