Angela Ciccolo
(To be admitted *pro hac vice*)
General Counsel, NAACP
4805 Mt. Hope Dr.
Baltimore, MD 21215
Tel:  (410) 580-5792
Fax:  (410) 358-9350

Brian S. Kabateck (SBN 152054)
Richard L. Kellner (SBN 171416)
Joshua H. Haffner (SBN 188652)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 217-5000
Fax: (213) 217-5010

Austin Tighe (Admitted *pro hac vice*)
FEAZELL & TIGHE, LLP
6300 Bridgepoint Parkway
Austin, Texas 78730
Tel: (512) 372-8100
Fax: (512) 372-8140

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), on Behalf of Itself and All Others Similarly Situated, as well as on Behalf of the General Public and Acting in the Public Interest, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br> Ameriquest Mortgage Company, et al. <br><br>　　　Defendants. | CASE NO.   SACV 07-0794 AG (ANX) <br><br> **NOTICE OF THE TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND DEFENDANT OPTION ONE MORTGAGE CORPORATION** |

1

## NOTICE OF TERMS OF SETTLEMENT AGREEMENT

Notice is hereby given of a settlement ("Settlement") that has been entered by and between Plaintiff National Association for the Advancement of Colored People ("NAACP" or "Plaintiff") on behalf of themselves, and all Settlement Class Members, and Defendant Option One Mortgage Corporation, a California Corporation ("Option One" or "Defendant"), collectively referred hereto as "the Parties." Subject to the approval of the United States District Court of the Central District of California, the Settlement Agreement is intended to fully, finally and forever resolve, the claims and allegations set forth in this Action for injunctive relief, subject to the terms and conditions hereof. A fully executed Settlement Agreement shall be proffered to the Court upon the filing of a motion for preliminary approval of the settlement.

## PRELIMINARY STATEMENT

The National Association for the Advancement of Colored People (the "NAACP") commenced this action in its representative capacity and as a class action seeking injunctive and declaratory relief against numerous mortgage lenders, including Option One. The complaint alleges that the banks are engaged in institutionalized, systematic racism in connection with the making and/or purchase of residential mortgage loans. The complaint further alleges that the pervasiveness of this discrimination is documented by numerous empirical studies that confirm African-Americans are substantially more likely to receive higher-rate residential mortgage loans than Caucasian borrowers *with the same qualifications*. The Action seeks injunctive and other related relief to prospectively address the banking practices allegedly engaged in by Option One and the other defendants in this Action that are discriminatory and/or have a disparate impact on African Americans.

Option One denied and continues to deny each and all of the claims and contentions alleged by the NAACP in this Action. Option One maintains that for more than a decade it actively undertook specific acts to address and remedy

1

1    potential discriminatory practices in connection with the making and/or purchase of

2    its residential mortgage loans.  Option One further maintains that its African

3    American borrowers have received loans comparable to its similarly-qualified

4    Caucasian borrowers and, in fact, that by 2006, Option One's African American

5    borrowers were *less* likely to receive a higher interest rate loan than its Caucasian

6    borrowers.

7    　　　As a result of extensive arms-length negotiations presided over by  Hon. John

8    K. Trotter (Ret.) of JAMS, and the parties own investigations of the relative

9    strengths of their respective cases, and due consideration of the uncertainties and

10   risks inherent in complex litigations such as this Action, the Parties have reached a

11   Settlement Agreement that they believe is fair and reasonable.

12   　　　The NAACP and Option One enter this Settlement Agreement with the

13   express purpose of attempting to affect changes in the mortgage lending industry that

14   will reduce the possibility of future racial discrimination in connection with home

15   mortgage lending practices.  The Settlement Agreement is a collaborative effort and

16   is intended to benefit the public, in addition to the Parties to the Settlement

17   Agreement.  The NAACP anticipates that this Settlement will become a model for

18   other banks to similarly prospectively address practices inherent in the banking

19   industry that adversely affect African Americans in connection with the sale of

20   mortgage loans.

21   　　　The Settlement has multiple facets, including provisions that will result in a

22   collaboration between the NAACP and Option One to better train its employees and

23   mortgage brokers regarding appropriate lending practices and race discrimination

24   issues, provide education and outreach to the public regarding loan options and

25   lending practices, and to strengthen under-served communities through training and

26   guidance regarding financial literacy and building beneficial and profitable

27   community relationships.

28   　　　Specifically, the programs provided for under the Settlement shall include:

- 2 -

- Training for Option One's employees and brokers regarding fair lending practices and preventing discrimination.

- Production of an "Informed Decision Making" video/CD-Rom, to be distributed on television and internet, and otherwise shown publicly to educate the public and help guide borrowers through the loan process.

- Establishment of "Best Practices" for issuing loans, which will set forth procedures approved by the NAACP, for making home mortgage loans.

- Creation of public service announcements ("PSA") to be distributed on television, radio, the internet, and in print, that will inform and educate consumers and the public regarding lending and discrimination issues.

- Creation of a website that will be a resource for consumers, and will contain information regarding the lending process and discrimination issues, including downloadable informational booklets.

- Community training, education and outreach initiatives designed to build financial literacy and assist in creating beneficial and profitable relationships in communities under-served by financial institutions.  This program includes community seminars conducted by the NAACP, which will be attended on a quarterly basis by Option One's president or chief executive officer.

- Establishment of a special master to monitor the progress of the programs called for under the Settlement Agreement, and report annually to the Court.  This overriding purpose of the Settlement Agreement is, through a collaborative effort between lenders and the NAACP, to address and remediate discrimination in connection with home mortgage loans, including by training and educating lenders and the public regarding lending practices and options.

## RECITALS

This Agreement is entered into with reference to the following facts:

A.     On or about July 11, 2007, the NAACP filed a civil class action against Defendants, including Option One, entitled *NAACP v. Ameriquest Mortgage*

*Company, et al.*, USDC Case No. SACV 07-0794 ("the Action"), alleging that Defendants engaged in race discrimination in connection with its lending practices under the Fair Housing Act, the Equal Credit Opportunity Act, and the Civil Rights Act by disproportionately placing Africans Americans: (a) in subprime mortgage loans even though they qualified for more favorable conventional mortgage loans in the prime market or (b) in loans that were approved based upon the low initial interest rate, when they would not qualify based upon the interest rate that would be charged when the rate was scheduled to adjust upward within the first four years of the loan.

B.      On December 18, 2007, the NAACP filed a first amended complaint.

C.      On March 3, 2008, the NAACP filed a second amended complaint.

D.      On April 4, 2008, Defendants, including Option One, filed a joint motion to dismiss the second amended complaint.

E.      A hearing on the joint motion to dismiss the NAACP's second amended complaint is scheduled for August 11, 2008.

F.      The NAACP and Option One have conducted significant investigation of the facts and law, both before and during the prosecution of this Action. Such investigation has included, *inter alia*, the exchange of information between the parties, meetings and conferences between representatives of the parties, interviews of numerous potential witnesses, and interviews of retained experts. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the alleged claims and potential defenses thereto, including during the course of briefing the pending joint motion to dismiss.

G.      On July 3, 2008, the NAACP and Option One participated in a mediation before the Hon. John K. Trotter (Ret.) of JAMS.

H.      After conducting a significant investigation into the facts and law, and engaging in settlement discussions with Option One, supervised by the Hon. John K. Trotter (Ret.), the NAACP and its attorneys have agreed to settle the Action under

- 4 -

the terms and conditions to be memorialized in a separate Settlement Agreement to be filed with the Court upon the filing of a motion for preliminary approval, believing such settlement to be fair, reasonable, adequate, and in the best interests of the NAACP and the putative Class Members.

I.      Option One has denied and continues to deny any and all claims of wrongdoing or liability that were asserted, or could have been asserted, in the Action.  Moreover, Option One has at all times maintained that the alleged claims are not appropriate for adjudication as a class action.  Without admitting any wrongdoing or liability whatsoever, or waiving any of their rights or defenses, Option One agrees to the terms of the Setttlement Agreement in order to effectuate an efficient, cost-effective, prompt, and fair resolution of this matter, subject to the terms and conditions memorialized herein.

A fully executed Settlement Agreement shall be provided to the Court upon the filing of a motion for preliminary approval of the settlement:

## Section 1:   DEFINITIONS AND RULES OF CONSTRUCTION

As used for the purpose of this Notice of Settlement and the Settlement only, the following terms have the following meanings:

**1.1**    **"Class Action" or "the Lawsuit"** means the civil class action lawsuit pending in the United States District Court, Central District of California, entitled *NAACP v. Ameriquest Mortgage Company, et al.*, United States District Court Case No. SACV 07-0794.

**1.2**    **"Class Counsel" or "Plaintiff's Class Counsel" is:**

Angela Ciccolo
General Counsel, NAACP
4805 Mt. Hope Dr.
Baltimore, MD 21215
Tel:  (410) 580-5792

1
2
3
4
5
6

Brian S. Kabateck (SBN 152054)
Richard L. Kellner (SBN 171416)
Joshua H. Haffner (SBN 188652)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 217-5000

7
8
9
10
11

Austin Tighe (Admitted *pro hac vice*)
FEAZELL & TIGHE, LLP
6300 Bridgepoint Parkway
Bridgepoint 1, Suite 220
Austin, Texas 78730
Tel: (512) 372-8100

12
13

    **1.3**   **"Class Member"** means and includes members of Sub Class C (as defined paragraph 36 of the Second Amended Complaint).

14
15

    **1.4**   **"Court"** means the United States District Court, Central District of California, before which the instant Lawsuit is pending.

16
17
18
19

    **1.5**   **"Option One"** means defendant Option One Mortgage Corporation, a California Corporation.   It is expressly understood and agreed that this Settlement does not relate, pertain or affect any parent, successor or other entity related to Option One including, without limitation, H&R Block.

20
21
22
23
24
25
26
27

    **1.6**   **"Defendants"** means Fremont Investment & Loan, Option One Mortgage Corporation, WMC Mortgage Corporation, Accredited Home Lenders, Inc., Bear Stearns Residential Mortgage Corporation dba Encore Credit, First Franklin Financial Corporation, HSBC Finance Corporation, GMAC Mortgage Group, LLC, GMAC Residential Capital, National City Corporation, First Tennessee Bank dba First Horizon National Corp., Washington Mutual, Inc., Long Beach Mortgage Company, J.P. Morgan Chase & Co., Chase Bank USA NA, Suntrust Mortgage, and Citimortgage, Inc.

28

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

**1.7** **"Option One's Counsel"** is:

Michael J. Hassen
JEFFER MANGELS BUTLER & MARMARO LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111
Tel.: (415) 398-8080

(or any successor law firm designated by Defendant.)

**1.8** **"Final Settlement Hearing"** means the hearing to obtain final Court approval of the terms and conditions of the proposed settlement of the Action, including written objections, if any, at a time and on a date set by the Court. The Parties will request that the Court set this hearing on a date no later than seventy-five (75) days after the entry of the Preliminary Approval Order (as defined *infra* ¶ 1.12).

**1.9** **"Final Settlement Order and Judgment"** or **"Final Order"** means an order and judgment entered by the Court:

(A) Giving final approval to the terms of the Settlement Agreement as fair, adequate, and reasonable;

(B) Providing for the orderly performance and enforcement of the terms and conditions of the Agreement;

(C) Dismissing the Action with prejudice as to Defendant Option One Mortgage Corporation;

The actual form of the Final Judgment and Order entered by the Court may include additional provisions as the Court may direct that are not inconsistent with the Settlement Agreement, and do not add to, change or modify the material terms of this Agreement.

**1.10** **"Notice"** or **"Settlement Notice"** means notice of the proposed compromise and dismissal as to Defendant Option One, to be given to all putative Class Members in such a manner as the court directs, and which comports with the due process standard in that it is reasonably calculated, under all the circumstances,

- 7 -

to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.

**1.11 "Plaintiff" or "NAACP"** means the National Association for the Advancement of Colored People, and each of its heirs, agents, representatives, attorneys, executors, conservators, and assigns.

**1.12 "Preliminary Approval Order"** means a Court Order:

(A)   Preliminarily approving the settlement set forth in the Settlement Agreement as fair, reasonable, and adequate;

(B)   Scheduling a date for the Final Settlement Hearing setting forth the procedures for the conduct of that hearing;

(C)   Finding the form and method of disseminating the Settlement Notice to all putative Class Members, as meeting all of the requirements of due process, constituting the best notice practicable in the circumstances, and being reasonably likely to reach a substantial percentage of putative Class Members; and

(D)   Setting forth procedures and deadlines for filing objections to the Settlement Agreement.

**1.13 "Preliminary Approval Settlement Hearing"** means the hearing before the Court to address the matters which will be the subject of the Preliminary Approval Order. Class Counsel will apply for the Preliminary Approval Order no later than 14 days after executing the Agreement.  The "Preliminary Approval Settlement Hearing" will be scheduled to be held no later than twenty-one (21) days after Class Counsel files their application for Preliminary Approval, or as soon thereafter as the Court may deem appropriate.

**1.14 "Settlement"** means the complete and final resolution of the Action by all Parties thereto, on the terms and conditions memorialized in this Settlement Agreement.

**1.15 "Settlement Class" or "Settlement Class Member(s)"** means every putative Class Member who did not "opt out" of Sub-Class C.

- 8 -

**1.16** **"Settlement Effective Date"** shall be understood to mean the date by which the Settlement Agreement is finally approved as provided herein and the Court's Final Judgment becomes final.  For purposes of this paragraph, the Court's Final Judgment "becomes final" upon the latter of: (i) the date of final affirmance of an appeal of the Final Judgment; (ii) the expiration of the time for an appeal to review the Final Judgment and, if *certiorari* be granted, the date of final affirmance of the Final Judgment following review pursuant to that grant; (iii) the date of final dismissal of any appeals from the Final Judgment or the final dismissal of any proceeding on certiorari to review the Final Judgment; or (iv) if there are no appeals of the Final Judgment, the date after expiration of any and all available appeal periods following entry of the Final Judgment.

**Section 2:    CONDITIONS OF SETTLEMENT AND SETTLEMENT PROCEDURE**

**2.1     Conditions of Settlement**

(A)     The effectiveness of the Settlement Agreement shall be expressly conditioned on all of the following:

1.     Execution of a Settlement Agreement by the Parties and their respective counsel of record.

2.     The execution and filing by the Court of the Order of Preliminary Approval.

3.     Notice to all Settlement Class Members.

4.     The Court setting and conducting a Final Settlement Hearing.

5.     The execution and filing by the Court of the Order of Final Approval and Request for Dismissal as to Defendant Option One.

6.     The occurrence of the Settlement Effective Date.

(B)     In the event that the Court does not preliminarily approve the Agreement, or does not finally approve the Agreement, or the Court does not enter

- 9 -

an Order of Final Approval and Request for Dismissal pursuant to the Settlement

Agreement, or the Settlement to be submitted does not become final for any other

reasons, this Settlement shall be null and void.  In such instance, the Parties shall

proceed in all respects as if the Settlement Agreement had not been executed.

**2.2    Terms of the Settlement**

In exchange for due consideration set forth herein, Option One agrees as

follows:

(A)    Option One has asserted, and provided the NAACP with evidence

supporting its claim, that for more than a decade it has engaged in numerous efforts

directed at ensuring non-discriminatory practices in lending and pricing of its loan

products.  As part of this settlement, Option One shall provide discovery to the

NAACP, so that the NAACP can conduct due diligence and verify the status of

Option One's operations and lending practices.  The discovery to be provided by

Option One to the NAACP includes, but is not limited to, the status of Option One's

operations in connection with originating and/or servicing loans, Option One's

lending practices, its training of employees and brokers, and its practices for

detecting broker fraud or misconduct.  If the information provided by Option One

confirms the assurances and representations made by Option One during the

mediation process, then the terms set forth in the following subparagraphs (B) and

(C) shall apply; if not, then the Settlement Agreement shall be void.

(B)    Option One instituted a comprehensive training and testing program for

its employees and mortgage brokers regarding fair loan practices and race

discrimination issues.  This training and testing program shall be used as part of the

model for the training and testing programs required of other lenders as part of their

effort to eradicate discrimination in the lending industry.  The NAACP will

supervise, consult, approve, and participate in this program, including developing the

training program and testing materials.  The training program will include the

following topics: (i) sensitivity training as to issues affecting the African American

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

community; (ii) fully disclosing loan options; (iii) supervising independent mortgage brokers to ensure compliance with Option One's lending procedures; (iv) detecting broker fraud; (v) evaluating a borrower's ability to pay based on the life of the loan; and (vi) placing borrower's in loans suitable to their circumstances.  This program will include establishment of a mandatory test regarding race discrimination issues including the testing program that Option One required its employees to take and pass annually, and shall additionally include mortgage brokers, who also shall be required to take and pass this program annually.

(C)    The NAACP shall use the lending practices followed by Option One, in whole or in part, as a "Best Practices" checklist, itemizing the best practices for issuing mortgage loans which its employees and mortgage brokers will be required to follow.  This checklist will incorporate, in whole or in part, Option One's best policies and procedures for making home mortgage loans so as to provide full information to borrowers, prevent broker fraud, place borrowers in suitable loans, and prevent race discrimination. The "Best Practices" checklist may be modified by the NAACP, and Option One agrees to make its president or chief executive officer available for consultation.  The program described in subparagraph (B) above will include training and testing for lender employees and mortgage brokers as to the "Best Practices" checklist described herein.

(D)    Option One shall consult on and contribute to the NAACP's production of an "Informed Decision Making" video.  The "Informed Decision Making" video and CD-Rom is to be distributed on television and internet, and its purpose is to educate the public and prospective borrowers, including African Americans, regarding the home mortgage loan process.  The video and CD-Rom will provide information regarding the loan process, different mortgage loan options, questions borrowers should ask prospective lenders, how to compare and price loans, the importance of comparison shopping, and education regarding loan practices, including those that particularly affect the African American community.  Option

One will consult and contribute, but the NAACP will have discretion and final authority on the content and distribution of the "Informed Decision Making" video and CD-Rom.

(E)   Option One shall contribute to public service announcements ("PSA"), produced and created by the NAACP, to be distributed on television, radio, the internet and in print.  The PSAs will inform and educate consumers and the public regarding lending and discrimination issues, and will direct the public to the website described in subparagraph F below for further information.  The NAACP will have discretion and final authority on the content of the "Informed Decision Making" video and CD-Rom.

(F)   Option One shall contribute to a website, created and hosted by the NAACP, that will be a resource for consumers regarding home mortgage loans.  The website will contain information regarding the lending process, comparing loan products, selecting a suitable loan, borrower options, discrimination issues, and will provide links to further information.  The NAACP will have discretion and final authority over the content of the website.

(G)   Option One shall contribute to and participate in a program that the NAACP will put in place for community training, education and outreach initiatives designed to strengthen and empower communities under-served by financial institutions.  As part of the program, there will be a training communities initiative that will endeavor to provide financial literacy to both the selected community and consumers generally.  In addition, the program will also include youth training, education and outreach regarding the lending process and other financial matters.  This program will provide guidance to under-served communities and banks regarding legal and economic matters that can facilitate mutually beneficial relationships to build up communities in ways that are meaningful and profitable.  As part of this program, Option One's president or chief executive officer will attend and participate in, on a quarterly basis (*i.e.*, four times per year), community

- 12 -

seminars or education programs put on by the NAACP, wherein Option One's President or CEO will assist in and support the program, including outlining the status of Option One's efforts to prevent discrimination in the lending process.

(H)   Option One shall contribute monies to be used by the NAACP to help fund all the programs set forth in the Settlement Agreement.  Upon 20 days of the Effective Date, Option One shall pay to the NAACP a cash payment toward a larger general fund, based on various factors, including but not limited to its relevant market share of the mortgage lending market during the three-year period that preceded the commencement of this action, which will be determined and stated prior to final approval.  The precise terms and method for calculating the monetary contribution shall be set forth in detail in the Settlement Agreement to be submitted to the Court with the motion for preliminary approval.

(I)   A special master may be appointed to monitor Option One's progress in complying with the Settlement Agreement.  Option One shall have a duty to cooperate with the special master, and provide any information reasonably requested by the special master to determine the status of Option One's compliance with the Settlement Agreement.  The Court shall retain jurisdiction of this matter for five years to monitor and enforce compliance with the Settlement Agreement.  Beginning one year after the Effective Date, the special master shall file an annual report with the Court documenting its findings as to Option's One's compliance with the Settlement Agreement.

(J)   The Parties covenant and agree to cooperate reasonably and in good faith for the purpose of achieving the occurrence of the conditions set forth above, including without limitation timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings seeking review of any Order or the Judgment contemplated by this Settlement Agreement.  The Parties represent and warrant that each has authority to enter into this Settlement Agreement, and that by

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

doing so they are not in breach or violation of any agreement with any third parties. The Parties further agree that the Lawsuit shall be stayed in all respect pending the settlement approval process.

    (K)    The Settlement Approval Process – The Settlement Approval Process is anticipated by the Parties to be as follows:

    1.    The Parties shall execute the Settlement Agreement.

    2.    The Court shall issue an Order of Preliminary Approval granting preliminary approval of the Settlement Agreement.

    3.    The Court will concurrently approve the Notice of Class Settlement, which will meet all of the requirements of due process, constituting the best notice practicable in the circumstances, and being reasonably likely to reach a substantial percentage of putative Class Members; and which will advise the Class Members of the material terms and provisions of the Settlement Agreement, and the procedures for objecting to the Settlement Agreement, the details of which will be agreed upon by that Parties upon submission of the motion for preliminary approval.

    4.    No later than fourteen (14) days after the entry of the Preliminary Approval Order, notice shall be provided to the Settlement Class Members in a manner to be agreed upon by the Parties upon submission of the motion for preliminary approval.

    5.    Defendant will pay any and all reasonable costs of providing notice to the Settlement Class Members.

**2.3    Dismissal**.

    Upon the Settlement Effective Date, the Action shall be dismissed in its entirety with prejudice as to Defendant Option One Mortgage Corporation.

**2.4    No Release of Individual Claims**

    This Settlement Agreement shall resolve the NAACP's claims for injunctive relief in connection with prospective conduct by Option One that has a discriminatory impact on African American in connection with the making and/or

1  purchase of residential mortgage loans.  This Settlement Agreement shall not

2  address, nor shall it be deemed to release, any individual claim that members of the

3  Class might have for damages or other relief against Option One.

4  **Section 3.     APPROVAL OF CLASS SETTLEMENT**

5      **3.1     Motion For Preliminary Approval**.

6      (A)     Class Counsel will apply for the Preliminary Approval Order by way of

7  a Motion for Preliminary Approval, to which the Settlement Agreement will be

8  attached as an Exhibit.

9      (B)     In the event the Court fails to enter the Preliminary Approval Order, the

10  Parties shall proceed as follows:  The Parties shall have the option of:  (1) seeking

11  reconsideration or appellate review of the decision denying the Preliminary Approval

12  Order; (2) attempting to further negotiate the settlement, and obtaining Court

13  approval of the renegotiated settlement; or (3) proceeding with the Action on the

14  claims and causes of action which existed prior to the date on which the Parties

15  reached an agreement in principle to settle the Action.  In any such event, the terms

16  and provisions of the Settlement Agreement, will have no further force and effect,

17  and will not be used in this Action or in any other proceeding for any purpose.  The

18  options above are not mutually exclusive, nor must the decision to pursue one or

19  more options be unanimous.

20      **3.2     Right to Object to the Settlement.**

21      Any Settlement Class Member may object to the proposed Settlement, the

22  proposed Final Settlement Order and Judgment. The Parties agree that they will

23  request that the Court order that all objections be made in writing; signed by the

24  objector or his or her attorney, if any; submitted to the Court; and served on Class

25  Counsel and Defendants' Counsel no later than thirty (30) days after the date on

26  which Class Notice is affected at addresses published in the Class Notice. The

27  Parties agree that they will request that the Court order any such written objections to

28  include the objector's name, address, email address (if any) and telephone number;

- 15 -

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

the name, address, email address (if any) and telephone of his or her attorney, if any;

a statement of all objections and the reasons (including factual and legal support)

therefore; and a statement that the objector intends to appear at the Final Settlement

Hearing individually or through his or her attorney.

In the event an appeal is filed from the Final Settlement Order and Judgment

approving the settlement pursuant to the Settlement Agreement, or any other

appellate review is sought prior to the final administration of the Agreement, all

further administration of the Settlement Agreement or obligations pursuant to the

Settlement Agreement (except as so provided herein) shall be stayed pending final

resolution of the appeal or other appellate review.

### 3.3    Request for Final Approval.

No later than twenty-one (21) days before the date of the "Final Settlement

Hearing" (defined by ¶ 1.8) Class Counsel will apply to the Court to enter the Final

Settlement Order and Judgment (as described above in Paragraph 1.9) by way of a

Motion for Final Settlement Approval, to which the Settlement Agreement will be

attached as an Exhibit.

### 3.4    Effect of Failure to Grant Final Approval.

In the event the Court fails to enter the Final Settlement Order and Judgment

in accordance with the Settlement Agreement, the Parties shall proceed as follows:

The Parties shall have the option of:  (1) seeking reconsideration or appellate review

of the decision denying entry of the Final Settlement Order and Judgment; (2)

attempting to further negotiate the settlement, and obtaining Court approval of the

renegotiated settlement; or (3) proceeding with the Action on the claims and causes

of action which existed prior to the date on which the Parties reached an agreement

in principle to settle the Action.  In any such event, the terms and provisions of the

Settlement Agreement will have no further force and effect, and will not be used in

this Action or in any other proceeding for any purpose.  The options above are not

mutually exclusive, nor must the decision to pursue one or more options be

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

1   unanimous.  The Agreement is null and void, and the Parties will have no obligations

2   under such, if the Final Settlement Order and Judgment is reversed, vacated or

3   modified in any material respect on appeal.

4   **Section 4.   MISCELLANEOUS PROVISIONS**

5       **4.1   No Admission of Liability**.  It is the intent of the Parties that the Final

6   Settlement Order and Judgment shall have every preclusive effect permitted by law,

7   and be final and binding upon Plaintiffs and all members of the Settlement Class

8   regardless of whether such Class Member submitted a Claims Form or received any

9   settlement compensation. Neither this notice nor the Settlement Agreement, nor any

10  act performed or document executed pursuant to or in furtherance thereof is, or may

11  deemed to be or may be used as (a) an admission or evidence of the validity of any

12  claim set forth in the Second Amended Complaint, or any alleged wrongdoing or

13  liability of Option One; (b) an admission or evidence of any fault or omission of

14  Option One in any civil, criminal or administrative proceeding in any court,

15  administrative agency or other tribunal, other than such proceedings as may be

16  necessary to consummate or enforce the Settlement Agreement or the Final

17  Settlement Order and Judgment; or (c) an admission or evidence that the Action is

18  appropriate for class treatment or suitable for maintenance as a private attorney-

19  general action; *provided, however,* that the Settlement Agreement and/or Final Order

20  may be filed and used in any action or proceeding in or before any court,

21  administrative agency or other tribunal to support a defense of *res judicata*, collateral

22  estoppel, release, good faith settlement, accord and satisfaction, claim preclusion,

23  issue preclusion or any similar defense or counterclaim.

24      **4.2   No Waiver**.  By entering into the Settlement Agreement and stipulating

25  to the judgment to be entered thereunder, Option One does not intend to waive and

26  does not waive any defenses it may have in the Action.

27      **4.3   Cooperation of the Parties**.  The Parties acknowledge that it is their

28  intent to consummate expeditiously the settlement to be memorialized in the

- 17 -

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

Settlement Agreement and agree to cooperate to the extent necessary to effectuate and implement, and exercise commercially reasonable efforts to accomplish, all terms and conditions of the Agreement.

**4.4    Force Majeure**.  The failure of any Party to perform any of its obligations hereunder shall not subject such Party to any liability or remedy for damages, or otherwise, where such failure is occasioned in whole or in part by acts of God, fires, accidents, earthquakes, other natural disasters, explosions, floods, wars, interruptions or delays in transportation, power outages, labor disputes or shortages, shortages of material or supplies, governmental laws, restrictions, rules or regulations, sabotage, terrorist acts, acts or failures to act of any third parties, or any other similar or different circumstances or causes beyond the reasonable control of such Party.

**4.5    Construction**.  Each Party has participated in the drafting, preparation and negotiation of this stipulation and agreement of settlement.  Hence, in any construction to be made, no Party shall be deemed its drafter.

**4.6    Governing Law**.  The Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Parties will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.  Any action pertaining to the parties to the Settlement Agreement shall be commenced and adjudicated by the federal district court in and for the Central District of California.

**4.7    Party's Reliance On Own Knowledge**.  Each Party acknowledges and represents that it has fully and carefully read this stipulation and agreement of settlement prior to execution; that it has been fully apprised by its counsel of the legal effect and meaning of this document and all terms and conditions hereof; that it has had the opportunity to make whatever investigation or inquiry it deemed necessary or appropriate in connection with the subject matter of the Action; that it

1    has been afforded the opportunity to negotiate as to any and all terms hereof; and that

2    it is executing this stipulation and agreement of settlement voluntarily, free from any

3    undue influence, coercion, duress, or menace of any kind.

4

5    Dated: 9-19-08

6    DALE M. SUGIMOTO                        Signature

7    Print Name                             On behalf of Option One Mortgage

8                                           Corporation

9    Dated:

10

11

12   Print Name                             Signature
                                            On behalf of the NAACP

13

14   Dated:                                 KABATECK BROWN KELLNER LLP

15

16                                          Brian S. Kabateck

17                                          Attorney for Plaintiff
                                            Brian S. Kabateck

18                                          Richard L. Kellner

19                                          KABATECK BROWN KELLNER LLP
                                            644 S. Figueroa Street

20                                          Los Angeles, California  90017

21

22                                          Angela Ciccolo
                                            General Counsel, NAACP

23                                          4805 Mt. Hope Dr.
                                            Baltimore, MD 21215

24

25                                          Austin Tighe

26                                          FEAZELL & TIGHE, LLP
                                            6300 Bridgepoint Parkway

27                                          Austin, Texas 78730

28

                                            Attorneys for NAACP

                                      - 19 -

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

1  has been afforded the opportunity to negotiate as to any and all terms hereof; and that

2  it is executing this stipulation and agreement of settlement voluntarily, free from any

3  undue influence, coercion, duress, or menace of any kind.

4

5  Dated:

6

7  Print Name                          Signature
                                       On behalf of Option One Mortgage
8                                      Corporation

9

10 Dated:  9/19/08

11 ANGELA CICCOLO
   Print Name                          Signature
12                                     On behalf of the NAACP

13

14 Dated:  9/19/08                     KABATECK BROWN KELLNER LLP

15

16                                     Brian S. Kabateck  Richard Kellner
17                                     Attorney for Plaintiff
                                       Brian S. Kabateck
18                                     Richard L. Kellner
                                       KABATECK BROWN KELLNER LLP
19                                     644 S. Figueroa Street
20                                     Los Angeles, California  90017

21

22                                     Angela Ciccolo
                                       General Counsel, NAACP
23                                     4805 Mt. Hope Dr.
                                       Baltimore, MD 21215
24

25                                     Austin Tighe
                                       FEAZELL & TIGHE, LLP
26                                     6300 Bridgepoint Parkway
27                                     Austin, Texas 78730

28
                                       Attorneys for NAACP

- 19 -

NOTICE OF TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND OPTION ONE

1    Dated: *9/19/08*

                                      JEFFER MANGELS BUTLER &
2                                         MARMARO LLP

4                                  *Michael J. Hassen*
5                                      Michael J. Hassen

6                                      Michael J. Hassen
7                                      JEFFER MANGELS BUTLER &
                                       MARMARO LLP
8                                      Two Embarcadero Center, 5th Floor
9                                      San Francisco, California  94111

10                                  Attorneys for Option One Mortgage
11                                  Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATION OF SERVICE**

I, Richard L. Kellner, hereby certify that on September 19, 2008, I caused the foregoing document titled **NOTICE OF THE TERMS OF A SETTLEMENT AGREEMENT BETWEEN THE NAACP AND DEFENDANT OPTION ONE MORTAGAGE CORPORATION** to be electronically filed and served via the ECF system.

This document is available for review and downloading from the EFC system.

Dated: September 19, 2008          By:_____ / s/ _____

RICHARD L. KELLNER
KABATECK BROWN KELLNER LLP
*Counsel for Plaintiff*