UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP),<br><br>        Plaintiff,<br><br>    v.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.,<br><br>        Defendants.<br>_____ | CASE NO. SACV 07-0794 AG (ANx)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |

     Before the Court is the Joint Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") filed by defendants Accredited Home Lenders, Inc., Ameriquest Mortgage Co., Bear Stearns Residential Mortgage Corp. d/b/a Encore Credit, Chase Bank USA, CitiMortgage, First Franklin Financial Corp., First Tennessee Bank d/b/a First Horizon National Corp., Fremont Investment & Loan, GMAC Mortgage Group, LLC, GMAC ResCap, HSBC Finance Corp., J.P. Morgan Chase & Co., Long Beach Mortgage Co., National City Corp., Option One Mortgage Corp., SunTrust Mortgage, Washington Mutual , Inc., and WMC Mortgage, LLC ("Defendants"). After considering all arguments presented by the parties, the Court DENIES the Motion.

**BACKGROUND**

The following facts are taken from the Second Amended Complaint ("SAC") filed by plaintiff NAACP ("Plaintiff"), and for the purposes of this Motion the Court assumes them to be true. Plaintiff is the nation's oldest civil rights organization. (SAC ¶ 12.) Its goals involve combating racial discrimination, including discrimination in housing. (SAC ¶ 12.) The Defendants are lenders who provide residential mortgage loans. (SAC ¶ 1.)

Plaintiff filed the SAC in its individual capacity, in its representative capacity, and as a class action. (SAC ¶ 1.) The SAC alleges violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*; and the Civil Rights Act, 42 U.S.C. § 1981 *et seq*. (SAC ¶¶ 7-8.) Specifically, the SAC alleges discrimination based on "numerous empirical studies that all confirm that African-Americans are substantially more likely to receive higher-rate residential mortgage loans than" equally qualified Caucasian borrowers. (SAC ¶ 1.)

Plaintiff alleges that Defendants have injured Plaintiff, individually and on behalf of its members. (SAC ¶ 13.) Plaintiff alleges that its members are in real and imminent danger of suffering immediate or threatened injury caused by Defendants' "predatory lending policies." (SAC ¶ 13.) Plaintiff alleges that it also has suffered injury because "Defendants' discriminatory mortgage lending policies and practices tend to frustrate the association's mission, reduce contributions and divert its resources, including through investigation, advocacy and counseling, and litigation costs." (SAC ¶ 13.)

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.,* 447

2

F.3d 1248, 1250 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted)).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This is because "[o]rdinary pleading rules are not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)). Thus, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Twombly*, 127 S.Ct. at 1965. Conversely, a complaint should be dismissed for failure to state a claim where the factual allegations do not raise the "right of relief above the speculative level." *Id*.

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westland Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). But courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**ANALYSIS**

**1.    PLAINTIFF HAS ORGANIZATIONAL STANDING**

Defendants claim that Plaintiff lacks organizational standing under the FHA, the ECOA, and the CRA. To satisfy Article III's standing requirement, a plaintiff must show: (1) an injury that is concrete, particularized, and actual or imminent; (2) a causal connection between the

3

injury and the challenged conduct, such that the injury may be fairly traceable to that conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

### 1.1 Plaintiff has Alleged an Injury Sufficient to Establish Standing to Bring its FHA Claims

To determine whether an organization asserts a cognizable injury under the FHA, a court asks whether the defendant caused only "a setback to the [plaintiff] organization's abstract social interests," or whether the defendant caused the plaintiff to suffer a "concrete and demonstrable injury." *Havens Realty Corp. et al. v. Coleman et al.,* 455 U.S. 363, 378 (1982). In making this determination, a court asks whether the defendant's actions "perceptibly impaired" the plaintiff's work, *id.* at 379, and led to a "consequent drain on the organization's resources," *id.* at 369.

Defendants argue that Plaintiff alleges nothing more than a setback to Plaintiff's abstract social interests. (Mot. 6:18-20.) Defendants distinguish *Havens*, where the Court found that the plaintiff's six-month investigation into the defendant's rental practices amounted to a concrete and demonstrable injury sufficient to establish standing. (Mot. 6:10-14.) Plaintiff disagrees, pointing to the language in the SAC that says Defendants' "discriminatory mortgage lending policies tend to frustrate [Plaintiff's] mission, reduce contributions and divert its resources, including through investigation, advocacy and counseling, and litigation costs." (SAC ¶ 13.)

Defendant is correct in observing that Plaintiff does not allege injury with the same level of specificity as the plaintiff in *Havens*. But Defendant is incorrect in assuming that this means Plaintiff fails the *Havens* test *de jure*. Plaintiff's allegations rise beyond the level of a "general allegation . . . that [it has] been adversely affected." *Hood River County v. United States,* 532 F.2d 1236, 1239 (9th Cir. 1976). Plaintiff has alleged that Defendants' actions perceptibly impaired Plaintiff's work, drained Plaintiff's resources, and resulted in concrete and demonstrable injury. Plaintiff's allegations are sufficient to establish organizational standing under the FHA.

### 1.2    Plaintiff is in the CRA's Zone of Interests

Defendants argue that Plaintiff is not in the zone of interests protected by the CRA. (Reply 8:21-24.) Defendants argue that the CRA protects the right to make and enforce contracts and to hold property free from racial discrimination, but Plaintiff has not alleged it sought or entered into contracts for mortgage loans with any Defendant. (Reply 8:21-24.) Plaintiff counters that Defendants construe the CRA too narrowly. (Opp'n 11:5-12:13.)

The Court agrees with Plaintiff. The CRA denies a right of review only if "the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot be reasonably assumed that Congress intended to permit the suit." *Clarke v. Sec. Indus. Ass'n,* 479 U.S. 388, 399 (1987); *see also Ashley Creek Phosphate Co. V. Norton*, 420 F.3d 934, 940 (9th Cir. 2005) ("The zone of interests test is not intended to impose an onerous burden on the plaintiff and is not meant to be especially demanding.") (internal citation omitted). Sections 1981 and 1982 of the CRA were properly enacted under the Thirteenth Amendment. Defendants do not dispute that Plaintiff's interests are consistent with these statutory purposes. Since Plaintiff's interests are more than marginally related to the CRA's purposes, plaintiff is in the CRA's zone of interests.

### 1.3    Organizational Standing under the ECOA

Defendants argue that Plaintiff is not within the ECOA's zone of interests. (Mot. 7:24-8:16.) Plaintiff concedes this point. (Opp'n 10:22 n. 2.) Plaintiff does not have organizational standing under the ECOA. But since the Court concluded in section 1.2 that Plaintiff is in the CRA's zone of interests, Plaintiff has organizational standing under the CRA and does not need to have organizational standing under the ECOA.

**1.4    Causation**

Defendants argue that even if the SAC contains facts sufficient to allege injury, it does not contain facts sufficient to allege causation. (Mot. 9:10-14.) The Court disagrees. Plaintiff alleges that Defendants' actions caused frustration of Plaintiff's mission, reduction of contributions, and diversion of resources. (SAC ¶ 13.) This is sufficient to satisfy the causation element.

**1.5    Conclusion**

Plaintiff has organizational standing to bring its claims under the FHA and the CRA.

**2.    PLAINTIFF HAS ASSOCIATIONAL STANDING**

"Even in the absence of injury to itself, an association may have standing solely as the representative of its members." *Warth v. Seldin*, 422 U.S. 490, 511 (1975). Associational standing requires that (1) at least one member has standing, in his own right, to present a claim asserted by the association; (2) the interests sought to be protected are germane to the association's purpose; and (3) neither the claim asserted nor the relief requested requires that the members participate individually in the suit. *Hunt v. Wash. State Adver. Comm'n*, 432 U.S. 333, 343 (1977). Defendants argue that Plaintiff fails to satisfy prongs one and three of the *Hunt* test.

**2.1    Plaintiff Alleges that its Members Have Standing**

Defendants argue that Plaintiff fails to satisfy the first *Hunt* element because the SAC neither identifies a member with individual standing nor provides a way for the Court to determine whether such a member exists. (Mot. 10:17-19.) Defendants cite *Bayaa v. United Airlines, Inc.,* 249 F. Supp. 2d 1198, 1204 (C.D. Cal. 2002), as stating that a plaintiff does not

1  have associational standing when it fails adequately to plead that even one of its members has
2  standing. (Mot. 11:19-20.)
3  Plaintiff responds that it need not identify a specific member with individual standing to
4  satisfy the first prong of the *Hunt* test. Plaintiff distinguishes *Bayaa,* arguing that in that case the
5  plaintiff failed not because it failed to identify a specific member with individual standing, but
6  because it did not allege that the injured individuals were its members. (Opp'n 7:16-17.)
7  Defendants' reliance on *Bayaa* is misplaced. In that case, the court explained that the
8  plaintiff's claim failed because it did "not claim that the eleven individuals allegedly removed
9  from UAL flights are its members," not because it failed to identify specific members. *Bayaa*,
10 249 F. Supp. 2d at 1204. Here, Plaintiff *does* claim that its members where harmed by
11 Defendants: "Members of the NAACP have been injured in fact by each Defendant as
12 complained herein," and the "members, or any one of them, are in real and imminent danger of
13 suffering an immediate or threatened injury as a result of [Defendants' alleged] predatory
14 lending policies, which said members could directly pursue." (SAC ¶¶ 13-14).

16 **2.2    Individual Members Need Not Participate Directly in the Suit**

18 Defendants argue that Plaintiff fails to satisfy the third prong of the associational standing
19 test. This prong "is best seen as focusing [] on matters of administrative convenience and
20 efficiency, not on elements of a case or controversy within the meaning of the Constitution."
21 *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544,
22 557 (1996). Thus, "once an association has satisfied *Hunt*'s first and second prongs assuring
23 adversarial vigor in pursuing a claim for which member Article III standing exists, it is difficult
24 to see a constitutional necessity for anything more." *Id.* at 556.
25 Defendants argue that Plaintiff seeks "declaratory, monetary and injunctive relief," (SAC
26 ¶ 11) and that associational standing is never appropriate in an action where an organization
27 seeks damages on behalf of its members. (Mot. 12:5-6.) Defendant states that even if Plaintiff is
28 not seeking actual damages, its request for restitution and disgorgement requires member

7

1  participation. (Mot. 12:24-27.) Plaintiff responds that it does not seek damages, restitution, or
2  disgorgement. (Opp'n 8:24 n. 1.) The reference to "monetary . . . relief" refers only to costs and
3  attorney's fees. (Opp'n 8:24 n. 1.) Plaintiff confirms that the SAC does "not set forth a claim
4  for recovery of monetary damages," and that "[n]owhere in the prayer for relief is [restitution or
5  disgorgement] sought." (Opp'n 8:24; 9:23.) Because Plaintiff does not seek damages,
6  restitution, or disgorgement, Plaintiff is not *per se* barred from claiming associational standing.

7        Defendants also argue that regardless of the form of relief Plaintiff seeks, Plaintiff's
8  discrimination allegations require individualized proof, and thus member participation is
9  necessary. (Opp'n 13:17-14:15.) To support their argument, Defendants rely heavily on
10 *American Baptist Churches v. Meese*, 712 F. Supp. 756, 766 (N.D. Cal. 1989), and *Rent*
11 *Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 596 (2nd Cir. 1993). Plaintiff distinguishes these
12 cases, citing a string of cases to the contrary. (Opposition 9:8-13.)

13       Defendants' arguments are not persuasive. *Rent Stabilization Ass'n* is a takings case, not
14 a discrimination case. *Rent Stabilization Ass'n*, 5 F.3d at 595. In *American Baptist Churches*,
15 the denial of associational standing was based on the specific reasons why aliens entered the
16 United States, not on the fact that the case raised a discrimination claim. *American Baptist*
17 *Churches*, 712 F. Supp. at 759. Further, *American Baptist Churches* actually argues against
18 Defendants' position. In that case, the court notes that "where injunctive relief is sought,
19 individualized proof is ordinarily unnecessary." *Id.* at 756-66; *see also NAACP v. Harris*, 567 F.
20 Supp. 637, 639-40 (D. Mass. 1983) ("[W]here only declaratory and injunctive relief are sought,
21 [the NAACP] qualifies under [the third *Hunt* prong].").

22       Thus, the caselaw favors a finding that Plaintiff fulfills the third prong of the *Hunt* test.
23 Since the first two prongs satisfy the Court's constitutional concerns, *Brown Group, Inc.,* 517
24 U.S. at 556, questions of administrative convenience and efficiency do not persuade the Court
25 that Plaintiff fails the third prong.

26
27
28

**2.3   Conclusion**

Plaintiff satisfies all three prongs of the *Hunt* test. Plaintiff has associational standing to bring claims for declarative and injunctive relief on behalf of its members.

**3.   PLAINTIFF DOES NOT FAIL TO STATE A CLAIM**

**3.1   Plaintiff Pleads with Adequate Specificity**

Defendants argue that by repeating the exact same claims against each Defendant, Plaintiff treats "a host of disparate parties identically without explanation," and thus fails to plead a claim adequately against any of them. (Mot. 15:4-17; 16:20-22.) The Court disagrees. As long as a complaint pleads with adequate specificity to satisfy Federal Rule of Civil Procedure 8(a)(2) as to each defendant, it is irrelevant that the complaint brings the same allegations against all defendants. The SAC is not *a priori* deficient simply because Plaintiff alleges the same claims against all Defendants.

**3.2   Plaintiff States a Disparate Impact Claim under the FHA and the ECOA**

For a disparate impact claim to succeed, a plaintiff must adequately plead: (1) a specific and clearly delineated practice or policy adopted by a defendant, (2) a disparate impact on a protected group, and (3) facts demonstrating a causal connection between the specific challenged practice or policy and the alleged disparate impact. *Wards Cove Packing Co. v. Antonio,* 490 U.S. 642, 657-58 (1989).

Plaintiff satisfies the first prong of this test. Defendants argue that Plaintiff fails to plead a specific policy adopted by Defendants, instead making allegations that are "incomprehensible" and too "vague." (Mot. 19:15-16.) The Court disagrees. In fact, Plaintiff alleges several specific policies. Plaintiff attacks Defendants' marketing of subprime loans,

1  deployment of financial incentives, and lack of meaningful review of loan applications. (SAC ¶
2  76.) Plaintiff's allegations are sufficient at this stage of the proceedings. *See, e.g., Zamudio v.*
3  *HSBC N. Am. Holdings, Inc.,* 2008 U.S. Dist. LEXIS 13952, at *4 (N.D. Ill. Feb. 20, 2008)
4  (finding that a plaintiff's allegations were "sufficient to meet the basic pleading requirements
5  under *Twombly*," especially considering that "[t]he only way for [the plaintiff] to ascertain a
6  more detailed picture [is] through discovery.").

7  Plaintiff also satisfies the test's second prong. Plaintiff alleges that Defendants' policies
8  and practices caused a disparate impact on African Americans. Plaintiff states, "The adverse
9  impact of [Defendants'] policies and practices is felt disproportionately by African American
10 consumers and members of the NAACP, compared to similarly situated Caucasians . . . ." (SAC
11 ¶ 53.) Plaintiff satisfies the third prong because it alleges a causal connection: "The foregoing
12 policies and practices have a disproportionately adverse effect on African Americans compared
13 with similarly situated Caucasian applicants." (SAC ¶ 68.) Thus, Plaintiff successfully alleges
14 all three elements of the disparate impact test.

### 3.3   Plaintiff States a Claim under the CRA

18 Plaintiff has properly alleged a disparate impact claim under section 1982. The Ninth
19 Circuit has held that disparate impact claims are appropriate under section 1982. *See, e.g.,*
20 *Phiffer v. Proud Parrot Motor Hotel*, 648 F.2d 548, 551 (9th Cir. 1980) ("Racial motivation is
21 not an element of the section 1983 prima facie case; only a racial impact need be shown.
22 Defendants erroneously argue that we must . . . require that plaintiffs prove racial animosity
23 . . . ."). Defendants argue that Plaintiff fails to allege a disparate impact claim under section
24 1982. (Reply 16:19-25.) But Plaintiff does allege a disparate impact claim: "By charging higher
25 rates [Defendants] unlawfully discriminated [] in (I) formation of contracts, (ii) making,
26 performance, modification, and termination of contracts, and/or (iii) the enjoyment of all benefits
27 [] of the contractual relationship . . . ." (SAC ¶ 97.)

### 3.4 Conclusion

Plaintiff properly alleges claims under the FHA, the ECOA, and the CRA.

## 4. THE FHA AND THE ECOA PERMIT DISPARATE IMPACT CLAIMS

Defendants argue that *Smith v. City of Jackson,* 544 U.S. 228 (2005), overrules prior Ninth Circuit holdings that permitted disparate impact claims under the FHA and the ECOA. (Mot. 24:14-17.) *Smith* does not address FHA or ECOA claims at all. Instead, it finds that disparate impact claims *are* permitted under the Age Discrimination in Employment Act ("ADEA") because, in part, the ADEA prohibits "actions that deprive any individual of employment opportunities or *otherwise adversely affect* his status as an employee, because of such individual's race or age." *Smith*, 544 U.S. at 235 (emphasis in original; citation omitted). Defendants argue that since this language is absent from the FHA and the ECOA, those statutes must not permit disparate impact claims in the wake of *Smith*. (Mot. 25:9-19.) But the Ninth Circuit has found disparate impact claims under the FHA after *Smith*. *See, e.g., Affordable Housing Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1195-96 (9th Cir. 2006) (concluding that a plaintiff "made a prima facie showing of [disparate impact] discrimination" under the FHA); *Budnick v. Town of Carefree*, 518 F.3d 1109, 1118 (9th Cir. 2008) (explaining how a plaintiff can establish a "prima facie case of disparate impact under the FHA").

Our sister court in the Central District of California recently considered the same argument Defendants raise here. That court concluded that *Smith* "did not hold that a statute *must* contain this 'effects' language in order to authorize disparate impact claims." *Garcia v. Countrywide Fin. Corp.*, No. 07-1161-VAP (JCRx), slip op. at 7-11 (C.D. Cal. Jan. 15, 2008) (emphasis in original). In fact, the *Smith* court "did not rely only on this textual analysis of the statutes, but also held that the purpose and legislative history of the ADEA, as well as unanimous circuit court treatment of the Act, supported disparate treatment claims." *Id.* The court concluded, "[T]his Court declines to hold that *Smith* overturned Ninth Circuit precedent

recognizing disparate impact claims under the FHA and ECOA." *Id.* This Court also declines to conclude that *Smith* had this effect.

**5.      PLAINTIFF MAY BRING CLAIMS UNDER BOTH THE FHA AND THE ECOA**

The ECOA says, "No person aggrieved by a violation of this title and by a violation of [§ 805 of the FHA] shall recover under [both], if such violation is based on the same transaction." 15 U.S.C. § 1691e(I). The parties disagree as to whether this wording provides a plaintiff with alternative, or mutually exclusive, rights of recovery. Defendant argues that this means Plaintiff may not bring both claims. (Mot. 31:1-11.) Plaintiff argues that this means Plaintiff may bring both claims but may only recover under one. (Opp'n 35:10.) Plaintiff argues that where Congress has sought to preclude the assertion of parallel legal claims under the ECOA, it has done so explicitly, as in 15 U.S.C. § 1691d(e), where it notes that "a person [] may bring a legal action to recover monetary damages either under this title [15 U.S.C. §§ 1691 et seq.] or under such State law, but not both." (Opp'n 35:9-15.)

The Court finds Plaintiff's logic persuasive. The few courts that have addressed this issue have found the ECOA and the FHA to be alternative, rather than mutually exclusive, rights of recovery. *See, e.g., Ware v. Indymac Bank F.S.B.*, 534 F. Supp. 2d 835, 840 (N.D. Ill. 2008) (allowing a plaintiff to proceed under both the ECOA and FHA causes of action). Even the sole case that Defendants reference does not support their argument. *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1337 n.4 (M.D. Ala. 2003) states, "Although the Plaintiff raises claims under both the ECOA and the FHA, the court notes that the Plaintiff would only be entitled to recovery under one statute." Plaintiff does not say it should be entitled to recovery under both statutes. Plaintiff only says it should be entitled to pursue claims under both statutes and decide later under which one to recover. The Court agrees.

**DISPOSITION**

The Court DENIES the Motion.

IT IS SO ORDERED.

DATED: January 12, 2009

_____
Andrew J. Guilford
United States District Judge