STACEY M. GARRETT – State Bar No. 155319
ESTHER E. CHO – State Bar No. 204526
KEESAL, YOUNG & LOGAN
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: 562-436-2000
Fax: 562-436-7416
stacey.garrett@kyl.com
esther.cho@kyl.com

THEODORE V. WELLS, JR. (Admitted *Pro Hac Vice*)
JOYCE S. HUANG (Admitted *Pro Hac Vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212-373-3000
Facsimile: 212-757-3990
twells@paulweiss.com
jhuang@paulweiss.com

Attorneys for Defendant
CITIMORTGAGE, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP),<br><br>Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, *et al.*,<br><br>Defendant. | CASE NO. 8:07-CV-00794-AG-AN<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITIMORTGAGE, INC.'S MOTION TO STRIKE JURY DEMAND<br><br>ORAL ARGUMENT REQUESTED<br>Date: September 21, 2009<br>Time: 10:00am<br>Place: Courtroom 10D<br>Santa Ana Courthouse<br>Judge: Hon. Andrew J. Guilford |

Table Of Contents

Page

TABLE OF AUTHORITIES ................................................................................... III

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ........................................................................................ 1

STANDARD OF REVIEW ....................................................................................... 3

ARGUMENT .............................................................................................................. 4

I.  PLAINTIFF HAS NO STATUTORY RIGHT TO A JURY TRIAL UNDER THE FHA, ECOA OR CRA ................................................................ 4

II. PLAINTIFF HAS NO RIGHT TO A JURY TRIAL UNDER THE SEVENTH AMENDMENT_____ ................................................................. 4

CONCLUSION ........................................................................................................... 7

## Table of Authorities

Page(s)

### CASES

*Andrade* v. *Parsons Corp.*,
   1992 WL 182218 (9th Cir. July 31, 1992) .................................................. 6

*Apache Survival Coal.* v. *U.S.*,
   21 F.3d 895 (9th Cir. 1994) .................................................................... 5

*Chauffeurs, Teamsters and Helpers, Local 391* v. *Terry*,
   494 U.S. 558, 110 S. Ct., 108 L. Ed. 2d 519 (1990) ................................... 3

*Cherry* v. *City College of San Francisco*,
   2006 WL 249519 (N.D. Cal. Jan. 31, 2006) ............................................... 6

*F.T.C.* v. *Hang-Ups Art Enter., Inc.*,
   1995 WL 914179 (C.D. Cal. Sept. 27, 1995) ............................................. 6

*Feltner* v. *Columbia Pictures Television, Inc.*,
   523 U.S. 340, 118 S. Ct. 1279, 140 L. Ed. 2d 438 .................................... 4

*FMC Medical Plan* v. *Owens*,
   122 F.3d 1258 (9th Cir. 1997) ................................................................ 5

*Granfinanciera, S.A.* v. *Nordberg*,
   492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989) ............................. 5

*Mertens* v. *Hewitt Assoc.*,
   508 U.S. 248, 1135 S. Ct. 2063, 124 L. Ed. 2d 161 (1993) ....................... 5

*NAACP* v. *Ameriquest et al.*,
   No. SACV-07-0794 (Apr. 25, 2008) ......................................................... 2

*Rotherham* v. *American Red Cross*,
   2007 WL 935627 (S.D. Cal. Mar. 5, 2007) ............................................... 6

*Shabaz* v. *Polo Ralph Lauren Corp.*,
   586 F. Supp. 2d 1205 (C.D. Cal. 2008) (Guilford, J.) ...................... 4, 5, 6

*Starbucks Corp.* v. *Undberg*,
   2005 WL 6036699 (D. Or. May 25, 2005) ............................................... 6

*Tracinda Corp.* v. *Daimler-Chrysler AG*,
   502 F.3d 212 (3d Cir. 2007) .................................................................. 3

*Transamerica Occidental Life Ins.* v. *DiGregorio*,
   811 F.2d 1249 (9th Cir. 1987) ............................................................... 6

*Tull* v. *U.S.*,
   481 U.S. 412, 107 S. Ct. 1831, 95 L. Ed. 365 (1987) ............................... 5


**STATUTES**

15 U.S.C. § 1691 *et seq.* .................................................................................................4

42 U.S.C. § 1981 *et seq.* .................................................................................................4

42 U.S.C. § 1981a(c)(1) ..................................................................................................4

42 U.S.C. § 3601 *et seq.* .................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 39(a) .......................................................................................................3

Fed. R. Civ. P. 39(a)(2) ..................................................................................................3

Rule 39(a)(2) of the Federal Rules of Civil Procedure ..............................................1, 3

U.S. Const., Amend. VII .......................................................................................1, 3, 4, 5

1  Defendant CitiMortgage, Inc. ("CitiMortgage") respectfully submits this
2  memorandum of law in support of its motion, pursuant to Rule 39(a)(2) of the
3  Federal Rules of Civil Procedure, to strike, with respect to the claims asserted
4  against CitiMortgage, the jury demand made in the Second Amended Class Action
5  Complaint dated March 7, 2008 (the "Complaint") filed by plaintiff the National
6  Association for the Advancement of Colored Peoples (the "NAACP" or
7  "plaintiff").

## PRELIMINARY STATEMENT

9  Plaintiff's jury demand should be stricken in accordance with the long-
10  established law of this Court and the federal courts. The Complaint asserts that 17
11  defendants, including CitiMortgage, maintain certain identical mortgage lending
12  policies and practices, and that those policies and practices have a disparate impact
13  on African Americans and thus violate the Fair Housing Act ("FHA"), the Equal
14  Credit Opportunity Act ("ECOA"), and the Civil Rights Act ("CRA"). Plaintiff
15  has repeatedly acknowledged that the sole forms of relief it seeks with respect to
16  its claims in this action are injunctive and declaratory relief, along with attorneys'
17  fees and costs. Plaintiff has expressly disavowed any claim for monetary damages.
18  The FHA, ECOA and CRA do not provide plaintiff a jury right on its claims
19  against CitiMortgage in this action. Furthermore, because the relief plaintiff seeks
20  in this action is entirely equitable in nature, plaintiff is not entitled to a jury trial
21  under the Seventh Amendment of the United States Constitution. Accordingly,
22  plaintiff's jury demand with respect to its claims against CitiMortgage should be
23  stricken.

## STATEMENT OF FACTS

25  Plaintiff filed the current Complaint on March 7, 2008, asserting—in
26  identical terms against each of the 17 lenders named as defendants, including
27  CitiMortgage—that defendants' policies and practices have a disparate impact on
28  African Americans and violate the FHA, ECOA, and CRA in that they allegedly:

(1) "steer" mortgage loan applicants to subprime loans even though the applicants qualify for more favorable prime loans; and (2) underwrite adjustable rate mortgages based on the lower, initial interest rate rather than the anticipated adjusted rates applicable during the first four years of the loan. (*See* Declaration of Joyce S. Huang, dated August 17, 2009 ("Huang Decl.") Ex. A ("Compl.") ¶ 3.) The Complaint contains a jury demand. (Compl. at 1.)

According to the Complaint, plaintiff seeks injunctive and declaratory relief, along with attorneys' fees and costs incurred in connection with this action. (Compl. at 169-70.) Specifically, plaintiff requests a declaration that defendants' practices violate the FHA, ECOA, and CRA (Compl. at 169), and a judgment

> Enjoining the complained of conduct and Ordering Defendants to modify their lending practices to comport with the law.  The NAACP and the Class request that the Court exercise its equitable jurisdiction and order Defendants, their agents, subsidiaries, and affiliated companies to cease and desist from the unlawful conduct described above, and hereafter modify their lending practices to conform with statutory requirements.  The NAACP and the Class further request that the Court order Defendants[,] their agents, subsidiaries and affiliated companies to establish and publish informative materials and programs to fully inform African Americans about their rights to equal treatment with respect to home loans and subprime loans.  The NAACP further requests that the Court retain jurisdiction on an ongoing basis in order to ensure and, where necessary, enforce compliance.

(Compl. at 170.)

In the 17 months since the Complaint was filed, plaintiff has repeatedly acknowledged to the Court and to CitiMortgage that it seeks only injunctive and declaratory relief, along with attorneys' fees and costs, in this action—and not monetary damages. (*See* Huang Decl. Exs. B (Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint at 8:24, 9:2-3, *NAACP v. Ameriquest et al.*, No. 07-0794 (Apr. 25, 2008) (Plaintiff's Second Amended Complaint does "not set forth a claim for recovery of monetary damages . . .

nowhere in the prayer for relief is [restitution or disgorgement] sought")), C (Plaintiff NAACP's Responses To Defendant CitiMortgage, Inc.'s First Set of Interrogatories, Responses 1- 5, 7 ("The NAACP is seeking only injunctive relief.")), D (Plaintiff NAACP's Responses To Defendant CitiMortgage, Inc.'s First Set of Requests For Production Of Documents, Responses 1-12 (same)), E (Transcript of Case Management Conference at 21:11, 19-21; 23:8; 31:15-16, *NAACP* v. *Ameriquest et al.*, No. 07-0794 (March 23, 2009)).)

Indeed, the Court itself has recognized that monetary damages are not at issue in this litigation. (*See* Huang Decl. Ex. F (Order Denying Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint at 8:1-3, No. 07-0794 (Jan. 12, 2009) ("Plaintiff responds that it does not seek damages, restitution, or disgorgement. The reference to 'monetary . . . relief' refers only to costs and attorney's fees.")).)

Thus, the relief sought by plaintiff in this action as against CitiMortgage is limited to injunctive and declaratory relief, along with attorneys' fees and costs.

## STANDARD OF REVIEW

Under Rule 39(a)(2) of the Federal Rules of Civil Procedure, a court has discretion to grant a motion to strike a jury demand at any time, even on the eve of trial. *See* Fed. R. Civ. P. 39(a); *Tracinda Corp.* v. *Daimler-Chrysler AG*, 502 F.3d 212, 226-27 (3d Cir. 2007). A motion to strike must be granted if the court finds "there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). As set forth below, if there is no statutory right to a jury trial, the court must assess whether such a right exists under the Seventh Amendment of the United States Constitution by comparing the cause of action, and the relief sought by the plaintiff, to the common law as it existed at the time the Seventh Amendment was passed. *See Chauffeurs, Teamsters and Helpers, Local 391* v. *Terry*, 494 U.S. 558, 565, 110 S. Ct., 108 L. Ed. 2d 519 (1990).

# ARGUMENT

## I. PLAINTIFF HAS NO STATUTORY RIGHT TO A JURY TRIAL UNDER THE FHA, ECOA OR CRA

None of the statutes upon which plaintiff bases its claims against CitiMortgage grant plaintiff the right to a jury trial. The FHA and ECOA are entirely silent with respect to the right to a jury trial. *See* 42 U.S.C. § 3601 *et seq.* (FHA); 15 U.S.C. § 1691 *et seq.* (ECOA). The CRA provides a right to jury trial where plaintiff asserts a claim for damages for disparate treatment in the employment context, *see* 42 U.S.C. § 1981a(c)(1) ("If a complaining party seeks compensatory or punitive damages under [the provisions barring disparate treatment in employment discrimination] . . . a party may demand a trial by jury")—a provision in no way applicable here—but is otherwise silent with respect to the right to a jury trial. *See* 42 U.S.C. § 1981 *et seq.* (CRA).

## II. PLAINTIFF HAS NO RIGHT TO A JURY TRIAL UNDER THE SEVENTH AMENDMENT

When a statute contains no directive regarding the availability of a jury trial, the federal courts assess the plaintiff's assertion of a jury trial right under the Seventh Amendment of the United States Constitution. *See, e.g., Feltner* v. *Columbia Pictures Television, Inc.*, 523 U.S. 340, 347, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (when a statute is silent as to whether there is a right to a jury trial, court will engage in Seventh Amendment analysis to determine whether such a right exists).

As this Court has explained, the Seventh Amendment protects a party's right to a jury trial in actions which "'the common law recognized among its old and settled proceedings,' and in 'suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Shabaz* v. *Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211-12 (C.D. Cal. 2008) (Guilford, J.) (quoting *Feltner*, 523 U.S. at 347-48). Under the Seventh Amendment, jury trials

are also required in "'actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'" *Shabaz*, 586 F. Supp. 2d at 1212 (quoting *Feltner*, 523 U.S. at 348).

When determining whether a statutory action is comparable to a legal or equitable suit, a court will assess "(1) the nature of the action; and (2) the remedy sought." *Shabaz*, 586 F. Supp. 2d. at 1212; *see Tull* v. *U.S.*, 481 U.S. 412, 417, 107 S. Ct. 1831, 95 L. Ed. 365 (1987). The second prong of this analysis is more important than the first. *See Granfinanciera, S.A.* v. *Nordberg*, 492 U.S. 33, 42, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989).

It has long been established that there is no right to a jury trial where a plaintiff seeks an equitable, rather than a legal, remedy. *See Granfinanciera*, 492 U.S. at 42 n.4 (The "Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and it involves a matter of 'private right'"). Here, as already discussed, plaintiff has repeatedly acknowledged—including in its opposition to defendants' motion to dismiss, in open court during the March 23, 2009 case management conference, and in its responses to CitiMortgage's document requests and interrogatories—that it seeks only injunctive and declaratory relief, along with attorneys' fees and costs, in this action.

All of plaintiff's requested remedies are equitable. First, injunctive relief is indisputably equitable in nature. *See, e.g., Mertens* v. *Hewitt Assoc.*, 508 U.S. 248, 255, 1135 S. Ct. 2063, 124 L. Ed. 2d 161 (1993) (injunctive relief is "traditionally viewed as equitable") (internal quotation marks omitted); *FMC Medical Plan* v. *Owens*, 122 F.3d 1258, 1261 (9th Cir. 1997) (same).

Second, plaintiff's request for declaratory relief is likewise equitable in nature. Declaratory relief is generally an equitable form of relief. *See Apache Survival Coal.* v. *U.S.*, 21 F.3d 895, 905 n.12 (9th Cir. 1994) (declaratory

judgments are "equitable in nature"); *Rotherham* v. *American Red Cross*, 2007 WL 935627, at *8 (S.D. Cal. Mar. 5, 2007) (declaratory relief is "in the nature of equitable relief") (internal quotations marks omitted); *but cf. Transamerica Occidental Life Ins.* v. *DiGregorio*, 811 F.2d 1249, 1251 (9th Cir. 1987) ("[D]eclaratory relief is neither strictly equitable nor legal . . . [and] [a] particular declaratory judgment draws its equitable or legal substance from the nature of the underlying controversy.") (internal quotations marks omitted). Here, plaintiff's underlying claims are purely equitable. Plaintiff requests a declaration that defendants' alleged practices of "steering" applicants to subprime loans, and underwriting adjustable rate mortgages based solely on the initial, lower interest rate, violate the FHA, ECOA, and the CRA—but seeks no monetary damages, only a prohibition on the alleged conduct going forward. Indeed, plaintiff expressly invokes the Court's *equitable* jurisdiction in its prayer for relief. (Compl. at 170.)

Finally, plaintiff's request for attorneys' fees and costs does not create a legal, as opposed to equitable, claim. *See Starbucks Corp.* v. *Undberg*, 2005 WL 6036699, at *5 (D. Or. May 25, 2005) ("a claim for attorney fees does not convert an equitable claim to a legal one"); *see also Cherry* v. *City College of San Francisco*, 2006 WL 249519, at *1 (N.D. Cal. Jan. 31, 2006) ("there is no right to a jury trial, because only declaratory relief, injunctive relief, and attorney's fees remain, all equitable issues").

Where, as here, plaintiff seeks only remedies that are equitable in nature, the federal courts, including this Court, have held that plaintiff's jury demand should be stricken. *See, e.g., Shabaz*, 586 F. Supp. 2d at 1212 (granting motion to strike jury demand because relief sought was equitable); *see also Andrade* v. *Parsons Corp.*, 1992 WL 182218, at *1 (9th Cir. July 31, 1992) (affirming motion to strike jury demand because there is no right to jury trial in an equitable proceeding); *F.T.C.* v. *Hang-Ups Art Enter., Inc.*, 1995 WL 914179, at *1 (C.D. Cal. Sept. 27, 1995) (granting motion to strike jury demand on grounds that plaintiff sought

1 | injunctive relief, an equitable remedy).  Accordingly, the Court should strike
2 | plaintiff's jury demand with respect to the claims against CitiMortgage.

### CONCLUSION

For these reasons and the reasons set forth in our accompanying papers, CitiMortgage respectfully submits that the Court should strike, with respect to the claims asserted against CitiMortgage, the jury demand in this action.

DATED:  August 17, 2009

*[signature]*

STACEY M. GARRETT
ESTHER E. CHO
KEESAL, YOUNG & LOGAN

THEODORE V. WELLS, JR.
(admitted pro hac vice)
JOYCE S. HUANG
(admitted pro hac vice)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

Attorneys for Defendant
CITIMORTGAGE, INC.